Siebert v. Leonard et al.

## ELIAS SIEBERT

### *vs.*

## CHARLES LEONARD, *et al.*

Plaintiff and defendants entered into a sealed contract, whereby plaintiff agreed with defendants "to do or cause to be done all the excavation and masonry, including all brick and stone work, furnishing all materials for same, except cut stone, for the erection and completion of a three story business house" in St. Paul, in accordance with plans and specifications and details of the same. Plaintiff was to receive compensation in installments as the work progressed. No plans or specifications were furnished to the plaintiff, and by reason of defendants' failure to furnish the same, the contract "so far as it required said work to be done according to such plans and specifications was practically abandoned, and as to that portion thereof modified, in that the plaintiff was to perform such work in such manner as the defendants should direct, and according to their orders." Plaintiff commenced the erection of the building under the immediate direction and supervision of the defendants, and furnished all the materials required by the contract, which were of good quality, and were accepted and approved by defendants. Plaintiff proceeded with the work according to defendants' directions, as they insisted that he should do, notwithstanding he repeatedly warned them that the walls, if erected according to such directions, would be insecure. Solely in consequence of being built conformably to such directions, and not in consequence of any fault or negligence of plaintiff, or of any defect in materials, the building was so defectively, insecurely and unsafely constructed, that when nearly completed it fell to the ground, by reason of which falling plaintiff was prevented from completing his job, although when the building fell it would have required labor (by the force then employed by plaintiff) to the value of only $100 to finish it. Of the whole contract price (less said sum of $100) a balance of $868.30 remains unpaid, though plaintiff has demanded the same. *Held,* that this action is not brought upon the contract, either as

originally made, or subsequently modified, but is in the nature of an action upon a *quantum meruit* and *quantum valebant*, in which the plaintiff seeks to recover the reasonable value of the labor performed, and materials furnished ; and for the purpose of determining what is such reasonable value, and of stating in full the origin of the cause of action, the contract is referred to.

A parol modification of a sealea contract is effectual if the modified contract is executed, or if a party has acted upon it so that he cannot be placed *in statu quo.*

The plaintiff in this case having executed the contract as modified, except so far as he was in effect prevented from so doing by defendants' fault, the modified contract is to be treated as executed.

If there be any doubt as to this, there can be none that the parol modification should be allowed to operate upon the sealed contract, upon the ground that plaintiff has acted upon the modification, and cannot be placed *in statu quo.* The case is, then, to be considered upon the basis that the contract under which plaintiff proceeded was the original sealed contract so modified that plaintiff was to perform the work in such manner as defendants should direct, and according to their orders. In giving such orders as would not permit the completion of the contract, defendants in effect prevented its completion. The plaintiff has therefore a right to treat the special contract as at end, and to recover as upon a *quantum meruit* and *quantum valebant,* and it is proper for him to refer to the special contract as furnishing a basis upon which the amount of his recovery is to be estimated.

Appeal by defendants from an order of the district court for Ramsey county overruling their demurrer to the complaint. The case is fully stated in the opinion.

LAMPREYS, for Appellants.

H. H. FINLEY and C. K. Davis, for Respondent.

*By the Court.*—BERRY, J.—Plaintiff and defendants entered into a sealed contract, whereby plaintiff agreed with defendants " to do or cause to be done all the excavation and masonry, including all brick and stone work, furnishing all materials for the same, except cut stone, for the erection and com-

Siebert v. Leonard et al.

pletion of a three story business house " in Saint Paul, in accordance with plans and specifications and details of the same. Plaintiff was to receive $2,820, to be paid as follows: $200, when the excavation was completed; $300, when the basement and cellar walls were completed; $500, when the first story walls were completed; $500, when the second story walls were completed; $500, when the coping was on, and the balance when the contract was completed. The complaint further shows that no plans or specifications were furnished to the plaintiff, and alleges that by reason of defendants' failure to furnish the same, the contract " so far as it required said work to be done according to such plans and specifications was practically abandoned, and as to that portion thereof modified, in that the plaintiff was to perform such work in such manner as the defendants should direct, and according to their orders; " that plaintiff commenced the erection of the building under the immediate direction and supervision of defendants, and furnished all the materials required by the contract; that the materials so furnished were of good quality, and were accepted and approved of by defendants; that plaintiff proceeded with the work according to defendants' directions, as they insisted that he should do, notwithstanding he repeatedly warned them that the walls, if erected according to such directions, would be insecure; that solely in consequence of being built conformably to such directions, and not in consequence of any fault or negligence of plaintiff, or of any defect in materials, the building was so defectively, insecurely and unsafely constructed, that when nearly completed it fell to the ground; that by reason of such falling the plaintiff was prevented from completing his job, although when the building fell it would have required the labor of the force then employed by him but one day to finish the same, which labor would have been of the value of $100, only; that defendants

have paid plaintiff $1,851.70, in part payment for materials furnished and work done as aforesaid; that after the falling of the building plaintiff demanded payment of $868.30, (being the unpaid balance of the entire contract price less $100,) no part of which has been paid.

From this abstract of the complaint it will be seen that this action is not brought *upon the contract* between the parties, either as originally made, or subsequently modified, but is in the nature of an action upon a *quantum meruit* and *quantum valebant*, in which the plaintiff seeks to recover the reasonable value of the labor performed, and materials furnished by him; and for the purpose of determining what is such reasonable value in this case, and of stating in full the origin of his cause of action, the above mentioned contract is referred to.

As the original contract was under seal, it is argued that the modification was void and of no effect, since it was by parol. A parol modification is, however, effectual if the modified contract is *executed*, (*Allen vs. Jaquish*, 21 *Wend.* 629; *Munroe vs. Perkins*, 9 *Pick.* 298;) or if a party has acted upon it so that he cannot be placed *in statu quo*. *Lawrence vs. Dole*, 11 *Vt.* 549; *Leathe vs. Bullard*, 8 *Gray* 545; *Le Feree vs. Le Feree*, 4 *Serg.* and *Rawle* 241; 1 *Gr. Ev. 12th Ed.*, § 302. In this case, *according to the complaint*, the plaintiff executed the contract as modified, except so far as he was in effect prevented from doing so by the fault of defendants.

So far as the modification is important in this case, and for the purposes for which the contract of the parties it referred to, we think it should be treated as executed.

Upon the theory of the complaint it is executed, so far as the plaintiff makes any claim in reference to it, and that it was not executed in full, is owing to the fault and wrong of defendants, of which they can certainly take no advantage. And if there be any doubt as to the soundness of this position, there

can be none that the parol modification should be allowed to operate upon the sealed contract, on the ground that the plaintiff has acted upon the modification and cannot be put *in statu quo*. We are then to consider the case upon the basis that the special contract between the parties under which the materials were furnished, and the services performed, to recover compensation for which this action is brought, was the original sealed contract so modified that the plaintiff was to perform the work "in such manner as the defendants should direct, and according to their orders."

The plaintiff cannot recover *upon this special contract* so far as it provides for payment by installments because he has already received more than he is *by the terms thereof* entitled to receive for so much of the contract as he has performed, and he cannot recover *upon the special contract* for anything beyond the installments earned, because he has not performed the contract in full.

If, then, the plaintiff can recover at all, it must be for the reasonable value of his materials and services in an action, like the present, in the nature of one upon a *quantum meruit* and *quantum valebant*. The contract is to receive a reasonable construction, and as it would be unreasonable to suppose that the parties intended or expected that the *directions and orders* in accordance with which the work was to be performed would be of such a character that, if obeyed, the performance of the work would be impracticable, it follows that no construction of the contract is to be tolerated which will lead to this result. But on the contrary it was the duty of the defendants to give such *directions and orders* as would permit the full performance of the contract. If, then, they gave directions and orders of such a nature as would not permit the completion of the contract, we can conceive of no reason why they should not be held to have prevented, *in effect at any rate,* the per-

formance of the contract by their own act and fault. If so the plaintiff has a right to treat the special contract as at an end, and to recover as upon a *quantum meruit* and *quantum valebant.* 2 *Parsons on Contracts* 523 ; 2 *Gr. Ev.* § 104 ; *Canada vs. Canada,* 6 *Cush.* 18 ; *Mead vs. Degolyer,* 16 *Wend.* 638 ; *Raymond vs. Bernard,* 12 *Johns.* 276 ; *Moulton vs. Trask,* 9 *Met.* 580.

It may be urged in this case that it appears that the plaintiff *knew* that it would be impossible for him to fulfill his contract if he followed defendants' instructions, and that if notwithstanding his knowledge he persisted in going on with the work, it was his own folly, and he cannot claim that the defendants shall pay him for attempting to perform a contract which he knew that it was impossible to perform. The answer to this is, that whether the walls which plaintiff was erecting would stand so as to allow him to complete the contract, was not a matter of *knowledge* but of *opinion;* and if against the opinion of plaintiff that they would not stand, and against his repeated remonstrances in regard to their insecurity, the defendants insisted that he should go on, they must be taken to have assumed the risk, and to have made themselves responsible to plaintiff for such damages as might ensue in case it should turn out that he was right and they were wrong.

Upon the allegations of the complaint, then, which upon the demurrer are assumed to be true, it seems to us that the defendants having in effect prevented the performance of the special contract, this action lies to enable the plaintiff to recover such compensation for his services and materials as may be reasonable in view of the facts of the case. And as the plaintiff has the right to insist that he shall not lose anything by the fault of the defendants in thus preventing the performance of the contract, he has the right to claim that he

shall receive as much for such materials and services as he would have received for the same if he had gone on and completed the special contract.   For this purpose it was entirely proper for him to refer to such special contract as furnishing a basis upon which the amount of his recovery may be estimated.   *Hayward vs. Leonard*, 7 *Pick*. 180 ; *Moulton vs. Trask, supra ; Sedgwick on Damages* 216, *et. seq. ; Jones vs. Judd*, 4 *N. Y.* 413 ; *Clark vs. Gilbert*, 26 *N. Y.* 279.

Order overruling demurrer affirmed.