THE ARMTON CORPORATION, a corporation, *Appellant,* vs. J. T. S. BROWN, JR., *Appellee.*

Division B.

Opinion filed June 2, 1931.

*Hull, Landis & Whitehair*, for Appellant.

*Thomas N. Tappy* and *Lewis F. Law*, for Appellee.

TERRELL, J.—The Appellee brought suit in equity to foreclose a mortgage naming Appellant and Conn-Wallis Company, a corporation, as parties defendant. A decree pro confesso was seasonably entered against Conn-Wallis Company. The Armton Corporation filed its plea to the bill of complaint which was overruled and appeal was taken from that order.

Appellant's plea alleges that it is the owner and holder of the land described in the mortgage, that Appellee had an agreement with the endorsee on the note secured by said mortgage to extend the time of payment for three years from the due date, that said agreement was made before the institution of this suit, was under seal and predicated on a valuable consideration, and that all rights, privileges, and immunities in said agreement were in due course impressed on this appellant by the terms thereof.

Under such a state of facts did the benefit of the extension agreement inure to Appellant, it being the purchaser from the mortgagor and the present holder of the land described in the mortgage though not a party to said agreement?

The function of a plea in equity is to bring forward some fact directed to a single point which is a complete

defense to the whole bill or some part of it. Waring vs. Bass 76 Fla. 583, 80 So. 514. The plea in the instant case meets this requirement.

This Court is committed to the rule that an agreement based on a valid consideration between a mortgagee and a mortgagor for an extention of time for the payment of the indebtedness secured by the mortgage is good defense in a suit to enforce the mortgage lien before the expiration of the extended time. Wolkowsky vs. Kirchick 81 Fla. 415, 88 So. 261; American Securities Company vs. Goldsberry 69 Fla. 104, 67 So. 862; Wiltsie on Mortgage Foreclosure (4th Edition) Vol. 1, page 253.

Appellee contends that the extension agreement did not inure to Appellant because it did not in fact assume the mortgage indebtedness. We do not think this contention can be sustained. The very essence of the mortgage was the assumption of the mortgage indebtedness and the obligation to discharge it. Appellant took title with knowledge of the mortgage and the extension agreement which by its terms became a distinct element of the mortgage and passed with it.

We therefore conclude that the extension agreement in this case inured to the benefit of Appellant though it was not a formal party thereto, that as a result of such holding the suit to foreclose was prematurely brought but that the mortgage lien was in no way affected.

Reversed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.