ADELAIDE V. MOSES, a *feme sole,* ANNIE D. WASHINGTON, also known as ANNE D. WASHINGTON, a *feme sole,* MAUDE W. BREWER, a *feme sole,* JOHN B. MARTIN, and MARY E. MARTIN, his wife, CATHERINE M. PLATT and DONALD C. PLATT, her husband, HENRY A. HAMP and IVA HAMP, his wife, *Appellants,* v. ELIZA M. WOODWARD, joined by her husband and next friend, M. L. WOODWARD, and ISABELLE LEVI, joined by her husnand and next friend, PLUS R. LEVI, *Appellees.*

140 So. 651
141 So. 117
147 So. 690.
Division A.

Opinion filed March 1, 1932.
Re-hearing Granted April 13, 1932.
Opinion on Re-hearing filed April 8, 1933.
Re-hearing denied May 9, 1933.

*Boone T. Coulter,* Attorney for Appellee.

*Robillard, Copeland & Therrell* and *John L. Neeley,* Attorneys for Appellees.

DAVIS, Commissioner.—The appellees, whom we will hereafter refer to as the complainants, filed their bill of complaint for the foreclosure of a mortgage. The appellants, Adelaide V. Moses, Annie D. Washington and Maude W. Brewer, the mortgagors, filed their answer to the said bill admitting the execution of notes and mortgage, but denying the defaults as alleged in the bill of complaint. They also, alleged that the terms and conditions of the notes and mortgage were abrogated and superseded by an agreement entered into on the 17th day of December, 1926, with M. L. Woodward, assignor, of an undivided one-half of the said notes and mortgage, and Isabella Levi, by and through her husband as her agent, whereby the payments due and to become due on said mortgage were extended for a period of two years; and they say that subsequent to the said date on,

to-wit, 31st day of October, 1927, they were in default in the payment of the interest due on the mortgage and that they entered into an agreement with the said Woodward "who was the owner of an undivided interest in the said mortgage indebtedness," whereby the mortgagees waived the default and agreed that the said Woodward should have the said right to take possession of the said premises and collect the rents and profits thereof, and apply the same (1) to the payment of taxes and upkeep of the property, (2) to the payment of interest on a first mortgage, (3) to the payment of interest on the mortgage in suit, and (4) the balance to be applied to the payment of the principal of the first mortgage until said mortgage was paid, and then to the payment of the principal of a second mortgage; and that said rents and profits were to be taken in lieu of all payments due and to become due on said mortgage. It was alleged further, that the possession of the mortgage premises was delivered to the said Woodward under and by virtue and in accordance with the said agreement, but that said Woodward and Isabelle Levi breached and violated the agreement.

After the answer was filed, the complainants, by leave of the court, amended their bill by adding the following, designated as paragraph 9:

"And your orators aver that the defendants, Adelaide V. Moses, Annie D. Washington and Maude W. Brewer, pretend as an excuse for their failure to pay the sums of money due by your Orator's mortgage and to comply with the covenants in said mortgage, but cannot be heard to say, that there is in force and effect an agreement whereby the time for the payment of your Orator's mortgage was extended, and whereby the said M. L. Woodward was put in possession of the mortgaged premises to collect the rents and profits therefrom and apply the same as follows: (1) to the pay-

ment of taxes and upkeep of the property, (2) to the payment of interest on the first mortgage, (3) to the payment of interest on the second mortgage, and (4) the balance to be applied to the payment of the principal of the first mortgage until the said mortgage was paid, and then to the payment of the principal of the second mortgage, and whereby it was agreed and understood that said rents and profits were to be taken in lieu of all payments due and to become due on said mortgage; for, on the other hand, if such an agreement was made, your Orators state the fact to be that while the said M. L. Woodward was, in pursuance of said agreement, in possession of the mortgaged premises, to-wit, the .... day of January, 1929, the defendants, Adelaide V. Moses, Annie D. Washington, and Maude W. Brewer, did abandon and renounce said extension agreement, did enter into, have ever since been, and are now, in, possession of said mortgaged premises, and have ever since been, and are now appropriating the rents and income therefrom to their own use."

This amendment was demurred to specially upon the grounds: (1) that it neither admits nor denies that there was an agreement between the said parties modifying the mortgage, and (2) that the paragraph shows on its face that the remedy of the complainants is to enforce said agreement, and not a foreclosure. This demurrer was overruled by the Court and the appellants have assigned as error the order of the court thereon.

Inasmuch as the first ground of demurrer is not argued in the brief of the appellants, we will disregard it. The second ground is based upon the assumption that the amendment contains an allegation that the agreement had been made. An inspection of the amendment discloses that it is not alleged that the agreement had been entered into be-

tween the parties. It merely avers that certain named defendants "pretend, as an excuse for failure to pay" the sums due * * * that there is in fact an agreement * * * "but, on the other hand, if such an agreement was made, etc." It is apparent that the pleaders avoided making an allegation setting up an agreement between the parties, but if we assume that it did set up such an agreement, as is contended by the appellants, we are unable to see wherein the amendment adds to or detracts from the statement of the complainants' case as shown by the bill. It merely shows that the complainants sought to anticipate what the said defendants in their answer rely upon as defense to the suit, and to excuse the same.

As a general rule, the plaintiff's initial pleading need and should not, by its averments, anticipate a defense thereto, and negative or avoid it. 49 C. J. 149. See also, Hazen v. Cobb-Vaughan Motor Company, 96 Fla. 151, 117 So. 853.

"If the pleading itself states a cause of action, the fact that it also attempts to negative or avoid a defense is not a fatal defect, but allegations made for this purpose are immaterial and may be treated as surplusage, unless defendants wish to rely upon them, in which case he will be relieved from specifically setting up his defense and may accept the issue presented by the plaintiff." 49 C. J. 151.

The amendment could have been stricken and the bill would have been a good pleading. 49 C. J. 84. See also, Kneeland v. Tampa N. R. Co., 94 Fla. 702, 116 So. 48; Stinson v. Prevatt, 84 Fla. 416, 94 So. 656.

"While it (surplusage) may be properly stricken out on motion it does not render a pleading subject to a demurrer, either general or special." 49 C. J. 86.

The court committed no error in overruling the demurrer to the amendment to the bill.

Appellants also assign as error, the overruling of exceptions to the master's report finding that complainants had, by competent evidence, sustained the allegations of the bill, and that the equities were with the complainant, and in support of this assignment, it is contended that the complainant Eliza M. Woodward, did not show that she had any interest in the notes in suit, that the notes were filed in evidence subject to the condition that the "indorsement and assignment" be shown, that the evidence shows that the mortgagees took charge of the mortgaged premises to collect the rents and apply the same to the upkeep of the property and in payment of the indebtedness, and, therefore a novation of the mortgaged indebtedness, and that complainants failed to prove that the mortgagors had abandoned and renounced the alleged extension agreement, and have ever since been in possession of the premises and appropriating the rents and income therefrom.

The complainants alleged and proved that M. L. Woodward did, on the 10th day of August, 1926, about two months prior to the alleged agreement with him, transfer, assign and deliver to the complainant, Eliza M. Woodward, all of his right, title and interest in the mortgage and notes by an instrument under seal, which instrument was recorded on the 2nd day of November, 1926. While an endorsement of the notes would have carried with them (Evins v. Gainesville Nat. Bank, 80 Fla. 84, 85 So. 659; Northrup v. Reese, 68 Fla. 451, 67 So. 136, L. R. A. 1915F, 554; McClure v. Am. Nat. Bank, 67 Fla. 22, 64 So. 427; Taylor v. Am. Nat. Bank, 63 Fla. 631, 57 So. 678, Am. Cas. 1914 A, 309; Stewart v. Preston, 1 Fla. 10), an indorsement was not necessary to transfer the notes. They were assigned in connection with the mortgage securing them by a separate interest. Like an ordinary chose in action, a note may be transferred

by assignment. It is said by the authors in 8 C. J., Sec. 567, Article on Bills and Notes, that, "The practical difference between transfer by assignment and transfer by indorsement is: (1) the former makes the holder take subject to equities, and (2) the assignor, as distinguished from an indorser, in the absence of a statute to the contrary, is not liable to the assignee, except on his implied warranties." See also, 3 R. C. L., Sec. 196, p. 988 and 1 Wiltsie on Mortgage Foreclosure, 4th ed. 407. It is within the province of the trial court to regulate the order of the introduction of the evidence, and its discretion in such matters will be interfered with by an appellate court "only when an abuse thereof is clearly made to appear." Wilson v. Jernigan, 57 Fla. 277, 49 So. 44; Wilson v. Johnson, 51 Fla. 370, 41 So. 395; Stearns & Culver Lbr. Co. v. Adams, 55 Fla. 394, 46 So. 156.

When the assignment from Woodward to his wife was admitted in evidence the relevancy of the notes was shown, and it would have been improper to exclude them from the evidence even on the motion of the defendants.

In this case, there is no basis for the application of the rule that "if evidence apparently incompetent only because its relevancy is not apparent, or because it is not the best evidence, is offered, the court may, in the exercise of its discretion, receive it conditionally, if counsel gives assurance that he will supply the necessary foundation afterward. If, however, such evidence is so conditionally received, and the necessary connecting evidence is not introduced, so as to show the relevancy of the admitted evidence, the court should exclude the evidence so received on its own motion; but if the failure to connect be not apparent or glaring, the objecting party should move to exclude." See Wilson v. Jernigan, supra; Pittman v. State, 51 Fla. 94, 41 So. 385; 8 L. R. A. (NS) 509; Walker v. Lee, 51 Fla. 360, 40 So. 881.

The answering defendants sought to set up in their answer a parol agreement with M. L. Woodward, which they allege was "ratified and approved by all the mortgagees."

By the common law, a contract under seal could not be modified or abrogated by a subsequent agreement unless the same was also under seal. 6 R. C. L. 915. In line with the common law rule, this Court has held that an instrument under seal cannot be modified by a subsequent executory parol contract. Tischler v. Kurtz, 35 Fla. 323, 17 So. 661. Appellants recognize the rule, but insist that in the case at bar, the terms and conditions of the mortgage were superseded and abrogated by the alleged parol agreement, because it had been executed by the parties thereto.

If we assume that the alleged agreement constitutes a good affirmative defense to the suit, if proved, we are unable to see how a reversal can be had upon the theory that the equities are not with the complainants. When an answer in an equity proceeding sets up an affirmative defense, the burden is upon the defendant to establish it. Lonergan v. Publes, 77 Fla. 188, 81 So. 514. No witnesses were produced by the defendants to sustain the answer. M. L. Woodward, a witness for complainants, testified in effect that he was in possession of the property for a year; that he took charge of it under an agreement between the holder of the first mortgage and Adelaide V. Moses and Maude W. Brewer whereby an extension of two years on the principal of the first mortgage, which was owned by Plus R. Levi, was secured, upon conditions that six months interest would be paid every six months in advance, and that he, the witness, would be allowed to take possession of the property, collect the rents and out of such rents pay for insurance and repairs, pay taxes, then the interest on the first mortgage, after that, interest on the second mortgage and then if anything

was left, apply it to the principal of the first mortgage. Witness stated further that he put a manager in the apartment by the name of Mrs. Martin, and that her daughter, a Mrs. Platt, was his, witness', stenographer; that approximately seven hundred dollars was on hand which he was holding for the holder of the first mortgage with the exception of some that he kept out for repairs, and when Levi came to his office for the money, witness discovered that it had been turned over to T. J. Dowdell, a representative of Mrs. Brewer, and that Mrs. Brewer had stated to him, the witness, that she had received her portion of the rent, and that he, the witness, no longer had anything to do with the apartment; that Mrs. Platt had entire charge of the apartment to collect the rents and turn them over to her, Mrs. Brewer, or her representative and gave as a reason why she interfered, that the agreement with the holder of the first mortgage had been breached; that Mrs. Washington also stated to him, the witness, that she had received a part of the money collected for the rent and that he, the witness, had nothing further to do with the management of the apartment and that Mrs. Platt, was in charge; that his records had disappeared from his office, and had been turned over to Judge Dowdell by Mrs. Platt, but that approximately $900.00 had been collected. There was but one other witness that testified in the case, and his testimony related merely to solicitor's fees.

The evidence fails to show that the owners of the notes and mortgage, M. L. Woodward or Plus R. Levi, acting for them, entered into parol agreement with the mortgagors to the effect that the rents and profits derived from the apartment house were to be taken in lieu of all payments due and to become due on the mortgage debt involved in this litigation, or that Mrs. Levi and Mrs. Woodward ever

authorized or ratified any such agreement. Under the circumstances, the chancellor correctly decreed the equities to be with the complainants.

Only one other assignment of error is argued here, and that questions the propriety of the finding and decree of the amount due complainants on the principal sum and interest thereon. It is the contention of appellants that the appellees were mortgagees in possession of the mortgaged premises and were therefore bound to keep a strict account of the rents and profits, and until they had accounted for such rents and profits they were not entitled to a decree. The evidence furnishes no basis for such a contention. There is room for an inference that M. L. Woodward was the agent of the mortgagors to collect rents and disburse the same, but we are unable to find anything in the evidence that will support a statement that the holders of the mortgage in suit were in possession of the property covered by the said mortgage.

The decree of the lower court is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the decree of the court below be, and the same is hereby affirmed.

BUFORD, C. J., and WHITFIELD and DAVIS, J. J., concur.

ELLIS and TERRELL, J. J., dissent.

BROWN, J., disqualified.

### Re-hearing Granted.

PER CURIAM.—This cause was decided on the original hearing with two of the Justices dissenting from the con-

clusion that the decree appealed from should be affirmed, as entered in the court below.

The evidence is vague and uncertain. as to some of the matters put in issue by the answer, and upon that issue, a majority of the Court are of the opinion that the ends of justice will be subserved by granting a re-hearing.

An agreement based on a valid consideration between mortgagee and mortgagor for an extension of time for the payment of the indebtedness secured by the mortgage is a good defense in a suit to enforce the mortgage lien. Armton Corporation v. Brown, 101 Fla. 764, 135 Sou. Rep. 802. Such an agreement was attempted to be set up in the answer *as a defense* and the bill was amended apparently so as to confess and avoid it by trying to show that such an agreement, if made, was renounced and abandoned by the mortgagors, so as to render it unenforceable. The evidence tends to show the making of such an agreement and that the mortgagee took possession of the mortgaged property under it. If such an agreement was validly made, the burden of showing its abandonment or breach, with consequent inability to claim the benefits of it, may have been on complainant in the foreclosure suit and not on defendants, in view of the state of the pleadings above referred to.

The evidence being vague and unsatisfactory in many particulars going to the complainant's right to foreclose as against the attempted defense asserted by the defendants, and the Court having been divided on the first hearing with one Justice not participating, a majority of the Court now participating in the consideration of this case have reached the conclusion that a re-hearing should be granted with leave to either of the parties to present additional briefs, if they so desire, within thirty days from the date

of this order, copies to be served upon opposing counsel prior to filing.

Re-hearing granted.

BUFORD, C. J., and WHITFIELD, ELLIS, TERRELL and DAVIS, J. J., concur.

BROWN, J., disqualified.

### Opinion on Re-hearing

TERRELL, J.—Appellees, as complainants, brought suit against appellants, as defendants, to foreclose a junior mortgage. The joint and several answer of defendants admitted the execution of the notes and mortgage sued on but as a defense to the foreclosure interposed a parole agreement entered into by the parties in which the maturity of the notes and mortgage was extended and under which M. L. Woodward, the original mortgagee, took possession of the mortgaged premises with the right to collect the rents and profits therefrom and apply the same to the payment of the taxes and up-keep, the interest on the senior and junior mortgage, and when said amounts were paid the balance to be applied to the payment of the principal of the senior mortgage until paid and then to the payment of the principal of the junior mortgage until paid. It is also alleged that by said agreement the rents and profits so taken and applied were in lieu of all payments due and to become due on said mortgage, that the premises were delivered to the mortgagee pursuant thereto and that the mortgagee went into possession of said premises under said agreement and collected large sums thereunder which have not been accounted for.

By permission of the chancellor the complainants amended their bill of complaint to allege that if any such agreement as the foregoing was entered into by the parties it was

breached and abandoned by the defendants who took charge of and are now in possession of the premises. A demurrer to the amended bill was overruled and defendants filed their answer denying the breach of the agreement. A final decree was entered for complainants and the present appeal is from that decree. This Court, two Justices dissenting, affirmed the decision below in the foregoing opinion written by Mr. Commissioner DAVIS, filed March 1, 1932. In view of the unsatisfactory condition of the evidence a re-hearing was granted to determine whether or not the complainants should be permitted to foreclose in view of the defense asserted by the defendants.

Appellants contend that the agreement entered into by the parties and asserted by them (appellants) as a defense to the foreclosure amounted to a novation of the mortgage indebtedness and that now the only relief open to complainants lies in the enforcement of said agreement.

A novation is the substitution of a new debt or obligation for an existing one. It consists of two stipulations, one to extinguish the old debt and the other to substitute the new one in its place. Novation has been held to arise in different ways. The debtor and the creditor may remain the same and a new debt take the place of the old one or the debt may remain the same and a new debtor substituted, or the debt and debtor may remain the same and a new creditor substituted. Whether or not a novation arose in this case is one for determination on proof of the essential elements of the alleged agreement, the intention of the parties thereto and whether or not it was in good faith lived up to by all the parties.

As against the contention of appellants, appellees contended that the agreement brought in question cannot have attributed to it the importance claimed because it was in

parole and to do so would modify the mortgage, a written instrument. The rule is well settled that an executory or parole agreement will not be permitted to abrogate or modify a written or sealed instrument but this rule is not without its exceptions. A written contract or agreement may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it. 6 R. C. L., 917. Bishop v. Busse, 69 Ill. 403; Pratt v. Morrow, 45 Mo. 404; American Food Company v. Halstead, 165 Ind. 633, 76 N. E., 251; Monroe v. Perkins, 9 Pick (Mass.) 298; Beach v. Covellard, 4 Cal. 316; Siebert v. Leonard, 17 Minn. 433; Bassini v. Brockner, 10 N. J. L. J., 1051.

It is alleged that the parole agreement involved here was so acted upon. The evidence tends to prove the agreement, that both parties accepted its terms, that the mortgagee went into possession of the mortgaged premises and that he collected rents alleged to have amounted to several hundred dollars, the record is not clear on the fact of just how much was collected.

The fact of the mortgagee getting in possession of the premises to work it out of debt in the manner alleged may have been sufficient consideration to support the agreement and if made it was a good defense to the foreclosure suit. Armton Corporation v. Brown, 101 Fla. 764, 135 So. 802. In the state of the pleadings, if the agreement was made the burden of showing its breach by the mortgagors and the resultant inability to claim the benefits of it was on the complainant.

Appellants were at any rate entitled to an accounting of the rents collected and to show what benefit they were entitled to under the agreement. The evidence is vague and

uncertain as to these factors and as to other essential elements of the defense, the abandonment of the agreement, the amount collected under it and otherwise as to complainants' right to foreclose as against the defense interposed to it.

For these reasons we think the cause should be reversed on re-hearing.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., disqualified.