DODD LUMBER & TIMBER CO., INC., a Florida corporation, *Plaintiff in Error.* vs. KRUSEN LAND & TIMBER CO., a Florida corporation, *Defendant in Error.*

141 So. 117.

Division B.

Opinion filed April 19, 1932.

M. H. *Long* and *Thos. E. Kelly,* for Plaintiff in Error; P. W. *Harvey,* for Defendant in Error.

WHITFIELD, P.J.—As authorized by Section 5382 (3519) Compiled General Laws, 1927, a petition was filed in the Circuit Court to enforce a lien for logs furnished to the lumber company, claiming $1,493.07 and attorneys fees. An issue having been made in the cause, the Circuit Judge, stating that his time was fully occupied,

"ORDERED AND ADJUDGED that the County Judge in and for Seminole County, Florida, have jurisdiction of the above styled cause of action in accordance with the statutes of Florida made and provided, to try such issues, issue such orders and sign such papers as are necessary for the completion of the files of such cause in all respects the same as if he were the Judge of the above styled Court."

The County Judge as "Judge Pro Hac Vice" rendered judgment for the petitioner in the sum of $1,493.07. The defendant took writ of error.

Under the Constitution the jurisdiction of the County Judge is limited to "cases at law in which the demand or value of the property involved shall not exceed one hundred dollars." Where a county court is established, the County Judge is judge of such court, "which shall have jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars." Sections 17, 18, Article V.

"When any civil case at law in which the Judge is disqualified shall be called for trial in a Circuit or

County Court, the parties may agree upon an attorney at law, who shall be Judge ad litem, and shall preside over the trial of and make orders in said cause as if he were Judge of the Court. The parties may, however, transfer the cause to another Circuit Court or County Court, as the case may be, or may have the case submitted to a referee." Section 19, Article V.

As the Circuit Judge was not disqualified a judge ad litem was not authorized to act even by agreement of the parties. The cause was not transferred to another Court having jurisdiction and it was not submitted to a referee, so Section 19, Article V of the Constitution is not applicable.

In Section 5382 (3519) Compiled General Laws, 1927, para. 5 e it is provided:

"in case the judge before whom such matter is pending is absent, sick or in any other way disqualified or prevented from acting on such petition, the judge of the circuit court or the county court, as the case may be, shall have jurisdiction of such cause of action or the parties may agree on a regular practicing attorney residing in the county where the petition is filed, who shall upon the filing of a written stipulation have full jurisdiction to try such issues, issue such orders and sign such papers as are necessary for the completion of the files of such cause in all respects, the same as if he were the judge of such court."

This statutory enactment cannot operate and is not intended to so operate as to give to a county judge jurisdiction of cases which under the Constitution, are cognizable only in the circuit court; and a Circuit Judge cannot by order confer upon a County Judge jurisdiction that is in conflict with the limitations contained in the Constitution.

The judgment signed by the County Judge as "Judge Pro Hac Vice" and filed in a cause pending in and triable only in the Circuit Court, is a nullity and should be stricken

by appropriate order of the Circuit Judge; or it may be quashed on certiorari from this Court.

The purported judgment to which the writ of error is addressed being a nullity and should be stricken by Court in whose records it appears, the writ of error taken to this Court may be and is dismissed at the cost of defendant in error.

It is so ordered.

BUFORD, C.J. AND ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.