O. E. TUSSING, *et al.,* v. M. A. SMITH, as Liquidator of the Dade County Security Company.

171 So. 238.
Division A.
Opinion Filed March 23, 1936.
On Rehearing July 21, 1936.
Further Rehearing December 23, 1936.

*Carr & Carr,* for Appellants;

*John M. Murrell,* for Appellee.

PER CURIAM.—The appellee, M. A. Smith, as Liquidator of the Dade County Security Company, filed a bill of complaint for the foreclosure of a mortgage upon certain real estate. The appellants, O. E. Tussing and Charlotte Tussing, filed their answer admitting the execution of the notes and mortgage, but denying the defaults as alleged in the bill of complaint. They averred that the terms and conditions of the notes and mortgages were abrogated and superseded by an agreement entered into between the appellants and one Frank A. Chase, as Assistant Liquidator of the Dade County Security Company. They further averred that it was agreed that an appraisement of the property would be made and an adjustment of the loan would be made on the basis of such appraisement. The appellant testified that the appraisement was made and the loan was adjusted on the basis of $750.00 to be paid out of the rents and profits from the property and that he, in return, agreed to pay the taxes and insurance thereon and place the property in a habitable condition. The appellant further testified that Chase agreed that he would recommend the acceptance of this agreement. The answer averred and Tussing testified that he complied with this agreement until it was repudiated by Chase.

The principal question involved in this cause is whether the trial court erred in holding that:

"The alleged oral agreement attempted to be set up by the defendant, O. E. Tussing, * * * is not a valid and binding agreement, as it appears * * * that said alleged agree-

ment was not in writing, no consideration was given therefor; that the said Frank A. Chase had no authority to enter into said agreement and that said alleged agreement was never approved by either the Comptroller of the State of Florida or confirmed by the Circuit Court * * *."

In Tischler v. Kurtz, 17 So. 661, 35 Fla., page 332, this Court, speaking through Mr. Justice MABRY, said:

"We are of the opinion that the prevailing view in America following the common law is that a covenant or contract under seal cannot be modified before breach by a parol executory contract." (Citing numerous authority.)

In Moses, *et al.,* v. Woodward, *et al.,* 147 So. 690, 109 Fla. 349, page 362, this Court further held that:

"The rule is well settled that an executory or parol agreement will not be permitted to abrogate or modify a written or sealed instrument, but this rule is not without its exceptions. A written contract or agreement may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such a manner as would work a fraud on either party to refuse to enforce it."

. In the instant case the defendant was only doing that which he was already bound to do in paying the taxes, the insurance and in paying his mortgage indebtedness to the complainant. The making of repairs on the mortgaged premises would certainly enhance the value thereof and thereby benefit the complainant by increasing its security, but it would principally and primarily benefit the defendant as he held the fee simple title to the property and was receiving the emoluments, whereas previously the property was in a state of deterioration. The refusal to enforce this agreement would not work an injustice to either party and was correctly held by the chancellor to be unenforceable.

Further, Section 6102, C. G. L. of Florida, 1927, states that:

"Such receiver, under the direction and supervision of the Comptroller, shall take possession of the books * * * etc., and upon the order of the court of competent jurisdiction may sell or compound all bad or doubtful debts * * * etc."

The alleged agreement would fall under the above provision which contemplates that the Liquidator shall make settlements and adjustments; but that before he can bind the concern in liquidation he must have an order from a court of competent jurisdiction. In the instant case it does not appear from the record that the Comptroller ever gave his approval; nor was the same ever confirmed by the Circuit Court. The complainant did not hold Chase out as clothed with authority to make such an agreement, he was merely an employee of the State and under its supervision. When Chase told Tussing that he would recommend an acceptance of this agreement it was the duty of Tussing to see that he obtained it if he desired to hold the company liable.

Finding no reversible error in the decree, it is hereby affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

## ON REHEARING.

TERRELL, J.—In December, 1925, O. E. Tussing borrowed $2,400.00 from The Dade County Security Company and executed his note and mortgage to evidence and secure the loan. In April, 1926, the mortgagor secured a second loan of $500.00 from the mortgagee and executed his note

and a second mortgage on the same lands as those described in the first mortgage to evidence and secure the loan.

Both mortgages and notes were due eight years after date and bore interest at six per cent. per annum, interest, dues, and premium payable monthly. Interest, premiums, and dues were paid on notes for several years. Storms in 1926, 1927, and 1928, damaged the property covered by the mortgage severely, and the collapse in real estate values further depreciated its value. In this dilemma the mortgagor went to the mortgagee and proposed to convey it the property in settlement of its notes and mortgages.

The mortgagee declined to take the property in settlement of the notes, but admitted that it was not then worth the loan, agreed to have it appraised at its present value, and requested the mortgagor to come back later. It was in fact appraised at $750.00 and the mortgagee proposed to the mortgagor that he take it at this value, put the houses on the property in livable condition, pay taxes and insurance, and liquidate the $750.00 with the rents from the houses as they came due. This proposition was accepted by the mortgagor, who took charge of the property for the purpose of the new contract and spent about $300.00 repairing the houses to make them suitable to rent.

At the time the new contract was made the mortgagee had gone ino the hands of a receiver in whose name the new contract was made and whose successor is appellee here. The appellee advised the mortgagor at the time that the new contract would have to be approved by the Comptroller and the Circuit Court, but assured him that it would see to this being done.

The new agreement was oral and was made in September, 1930. The mortgagor paid the interest, the taxes for 1931, and made regular monthly payments on the principal with

rents collected for about two years, amounting to approximately $291.87. He then proposed to secure money and liquidate the balance due. The mortgagee, who was now the receiver, refused to permit this to be done except on the basis of a new appraisal which was made and was $1,500.00. This proposition was declined by the mortgagor, no further payments were made, and appellee as complainant below in June, 1933, filed his bill of complaint to foreclose the original mortgages. An answer was filed setting up the new contract and offering to go through with it, testimony was taken, and on final hearing judgment was entered for the complainant on the basis of the original agreements. This appeal is from the final decree.

In the first consideration of this case we affirmed the decree below on the theory that the agreement relied on by Tussing was oral, that no consideration passed for it, that Frank A. Chase, who represented the mortgagee receiver, was without authority to make it, and that it was at no time approved by the Comptroller or the Circuit Court.

On reconsideration and reargument we have decided that this conclusion was erroneous. In making the oral agreement Chase was represented as having authority to make it. He was assistant to the liquidator and advised Tussing that he would have it approved by the Comptroller and the Circuit Court. Tussing, relying on this agreement, took charge of the premises, spent $300.00 for betterments to the houses, and made payment on the property regularly for about two years. This was ample to meet every legal requirement in the matter of consideration.

It is settled under the rule of this Court that a written agreement cannot be abrogated or modified by an executory or parol agreement, but this rule does not apply if the parol agreement has been accepted and acted on by both parties

as was the case here. Moses v. Woodward, 109 Fla. 348, 140 So. 651, 141 So. 117, 147 So. 690. This case was clearly within the exception thus stated.

Aside from the new contract the Comptroller was authorized by Section 4162, Revised General Statutes of 1920, Section 6102, Compiled General Laws of 1927, upon order of the court to sell or compound all bad or doubtful debts. Under the facts as detailed herein the appellee is estopped to raise the question of consideration, the question of authority, or the question of approval of the new agreement. The uncontradicted evidence is that the agreement was made and lived up to by both parties for two years. The record discloses the existence of other evidence that would add materially to the determination of the issues.

We, therefore, conclude that our former opinion should be rescinded and the judgment reversed on rehearing for further proceedings consistent with this opinion.

Reversed on rehearing.

WHITFIELD, C. J., and ELLIS and DAVIS, J. J., concur.

BUFORD, J., dissents.