J. S. HOWARD, *et ux.*, v. C. A. ROBERTS.

169 So. 486.
Division B.
Opinion Filed July 17, 1936.

*Joe Hill Williams,* for Appellants.
*Knight & Knight,* for Appellee.

PER CURIAM.—This is a suit in equity to foreclose a mortgage on real estate. As a defense to the foreclosure

an answer to the bill was filed interposing an alleged parole agreement between the mortgagor and the mortgagee to the effect that at the time the mortgage was executed the mortgagee agreed with the mortgagor that he might work the turpentine timber on the lands described in the mortgage when it became sufficiently mature but that notwithstanding said agreement the mortgagee refused to permit the mortgagor to work said timber or any part of it and that by reason of such refusal the mortgagee made it impossible for the mortgagor to perform his contract. Based on this refusal on the part of the mortgagee the mortgagor set up a counter claim in his answer and prayed that a master be appointed to take testimony to ascertain the amount of damages the mortgagor sustained by reason of the breach of said contract on the part of the mortgagee. A motion to strike paragraph three of the answer imposing such defense to the foreclosure was granted and this appeal is from that decree.

In Jones on *Mortgages,* 7th Edition, Vol. 3, Section 1513, it is said that a parole agreement between the mortgagor and the mortgagee providing that the latter take possession and receive the rents and profits from the property until the debt is paid, and then restore it to the mortgagor, cannot be specifically enforced, on account of the statute of frauds, but it may be ground for an equitable estoppel to prevent the mortgagee from claiming title by foreclosure in violation of the agreement. This Court approved a similar rule in Moses v. Woodward, 109 Fla. 348, 140 So. 651, 141 So. 117, 147 So. 690.

This rule applies in cases where the mortgagee is out of technical or actual possession but goes into possession when the agreement is made and makes expenditures on the lands or performs some other act amounting to consideration by

agreement of the parties. The case at bar does not meet this rule. The mortgage being foreclosed has no provision or showing on its face whatever to indicate that the mortgagor was entitled to work the turpentine timber. The answer to the bill of complaint is not sufficient in allegation to bring it within the rule approved in Moses v. Woodward, *supra.* Under the facts revealed the parole agreement relied on is within the prohibition of the statute of frauds, it seeks to vary, contradict, and alter the terms of a written contract, the allegations as to the parole agreement are not sufficient as to content, definiteness, and certainty, and the counter claim is not shown to be cognizable in a court of equity.

For these reasons the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.