**MODEL IMPROVEMENT COMPANY, a Florida corporation, v. ALVILDA SANDS, et al.**

9 So. (2nd) 179                                    Special Division A
March 10, 1942              Rehearing Denied March 31, 1942

Dunbar H. Johnson, Jr., for appellant.

John W. Prunty, for appellees.

Luther L. Copley, guardian & administrator ad litem.

ADAMS, J.:

This is an appeal from a final decree denying foreclosure of certain real estate mortgages.

The special master found that plaintiff purchased the mortgages while they were in default and with knowledge and subject to an agreement between mortgagor and mortgagee not to foreclose so long as the mortgaged premises were in the custody of a third party who was collecting the income from the property and applying same on the indebtedness.

The master further found that after plaintiff purchased the mortgages the agreement was breached by defendants in that the income was not applied on the indebtedness. Because of such breach the master recommended a decree of foreclosure. The master's report was before the chancellor on final hearing with exceptions thereto and the testimony. The chancellor concurred in all the master's findings except that part relating to the breach in the contract. The chancellor was of the opinion that the plaintiff and not the defendant breached the contract and dismissed the bill.

The chancellor also found that plaintiff violated its agreement with its assignor to the effect that it would not foreclose so long as the existing agreement was in effect.

The appellant's agent and attorney who purchased the mortgages testified he acquired same without knowledge of the agreement to withhold foreclosure; that he forthwith notified defendants to make *full* payment of *principal and interest*. Plaintiff exacted other conditions also before further extension would be considered. Two of such conditions were that insurance would have to be taken out and an estoppel

certificate would have to be executed by defendant acknowledging the execution of the notes.

Was the contract to forebear foreclosure supported by a legal consideration? And is the plaintiff in a court of equity in a position to question the legality of the contract? The mortgaged premises were owned by an old ignorant colored woman. One of the buildings was the home for her and her six minor children. When the mortgage went in default she and mortgagee agreed for her to vacate her home and place the property in custody of a rent collector, that $10.00 per month would be paid for support of her and her six children and the remainder of the proceeds would be used to keep up the property and reduce the mortgage. While this agreement was in full force and effect plaintiff purchased the mortgages. Plaintiff claims it had no knowledge of the contract yet its claim is refuted by the findings of the master and chancellor. The evidence conclusively sustains the master and chancellor.

The giving of possession by mortgagor was not required of her and therefore constituted a legal consideration. Moses, et al., v. Woodward, et al., 109 Fla. 348, 140 So. 651, 141 So. 117, 147 So. 680.

The operation of the contract for five years from the bottom of the depression in 1932 to the recovery period of 1937 would estop the mortgagee from questioning its validity. Trussing v. Smith, 125 Fla. 578, 171 So. 238. The plaintiff purchased the defaulted mortgages with knowledge in law of the aforesaid contract and it could be in no better position than the mortgagee. There is a letter in evidence from plaintiff's attorney and agent to its assignor from which we may infer the plaintiff agreed to abide by the fore-

bearance agreement. The letter stated, "You have my assurance that no undue foreclosure proceedings will be instituted or prosecuted by the purchaser upon said mortgages."

We think therefore the chancellor was fully warranted in finding a contract with plaintiff and its assignors and plaintiff's breach of same.

This litigation was wrongfully instituted, has been expensive and vexatious and the chancellor was eminently correct in dismissing same at the cost of plaintiff.

The decree is affirmed.

BROWN, C. J., WHITFIELD and CHAPMAN, JJ., concur.