SEBRING, Justice.
The appellant, Judson Harris, doing business as Harris Refrigeration Company, instituted an action at law against the appel-lee, Air Conditioning Corporation, for breach of an alleged oral contract for an exclusive sales agency as to a particular product of the appellee, namely, “ice-cubers,” handled by appellant. Upon defendant’s motion for directed verdict at the close of testimony the court reserved its ruling until after a jury verdict had been returned for the plaintiff, and then ruled that the motion for directed verdict should be granted. From the entry of a judgment for defendant notwithstanding the verdict, this appeal has been taken.
It is conceded that there existed a written contract under seal between the parties by the terms of which the appellant was to act as non-exclusive sales agent for certain of appellee’s products, including the “ice-cubers” involved in this litigation. The appellant contended, however, that subsequently the appellee agreed that if appellant would do certain advertising, promotional work, servicing, and would hire one Wynn as salesman, then he could be the exclusive dealer for “ice-cubers,” subject to revocation by thirty days’ notice.
The testimony of the parties upon this point is in direct conflict, appellee denying that there was any such understanding. There was evidence presented that appellant was in fact the only dealer handling the item in question for some length of time, although appellee had permitted other sales on occasion. Appellant claimed that the appellee’s breach.ultimately became known, to him when sales were made by others to parties whose names appeared on a “prospect list” which appellee borrowed from appellant for advertising purposes.
It is well settled in this jurisdiction “ * * * that an executory or parol agreement'will not be permitted to abrogate or modify a written, or sealed instrument, but [the] rule is not without its exceptions. A written contract or agreement may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it.” Carter Realty Co. v. Carlisle, 113 Fla. 143, 151 So. 498, 499, and authorities cited. Accord Tussing v. Smith, 125 Fla. 578, 171 So. 238; Moses v. Woodward, 109 Fla. 348, 140 So. 651, 141 So. 117, 147 So. 690.
In its order setting aside the verdict in favor of the plaintiff and entering judgment for the defendant, it was apparently the view of the court below that the only circumstances under which the exception stated. above could be invoked would be where “the actions of the parties are consistent with the supposition of [a modifying agreement] and inconsistent with [the original contract.].” Upon a careful consideration of the opinions, such would appear to be the situation in each of the above cited, cases where an oral modification of a written or sealed contract has heretofore been held effective in this state. And *879 from the finding of the trial court herein, fully sustained by the record, that “the evidence is quite as consistent with one hypothesis as the other,” it necessarily follows that there is no proof from which a jury could lawfully conclude that both parties accepted and acted upon an agreement differing from their original contract. Cf. City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172; Little v. Kendrick, 152 Fla. 720, 12 So.2d 899.
Accordingly, the judgment appealed from should be affirmed, and it is so ordered.
ROBERTS, C. J., and MATHEWS and BARNS, JJ., concur.