ODOM, ARCHIE M., Associate Judge.
Appellee filed a claim of lien against certain properties owned by appellant claiming a sum due on two written contracts entered into by appellant and appellee plus an additional amount for extra work and equipment, •rental. Prior to any action being taken to enforce said lien, appellant filed a bond under the provisions of 84.24 F.S.A. transferring the security of realty to bond. Ap-pellee then proceeded in equity with an action to foreclose said lien. Appellant moved that the action be transferred to the law side of the court which was denied. Then appellant answered and filed a counterclaim. The trial court allowed the full amount of the lien less a set-off based on one of the counts in said counterclaim and entered a final decree for appellee. It is from that final decree that this appeal is taken.
Appellant first contends that the trial court erred in denying its motion to transfer the cause to the law side of the court. This contention is without merit. See Fidelity & Casualty Co. of New York v. D. N. Morrison Construction Company, 99 Fla. 309, 126 So. 151; Granat v. Dulbs, 100 Fla. 1145, 130 So. 464; Milgrim v. Kinser, Fla.App. 1958, 105 So.2d 371.
Appellant next contends that lower court erred in admitting into evidence testimony and exhibits to show a parol contract for the extras and equipment rental claimed in said lien where the said written contracts contained this provision:
“The parties agree that this instrument represents the entire agreement between them and that there are no representations or inducements other than those set forth herein, and that this agreement cannot be altered, modified or amended except by an instrument in writing signed between the parties hereto.”
This contention is also without merit. In Professional Insurance Corporation v. Cahill, Fla.1956, 90 So.2d 916, 917, the Supreme Court of Florida stated:
“The rule is well settled that an ex-ecutory or parol agreement will not be permitted to abrogate or modify a written or sealed instrument, but this rule is not without exceptions. A written contract or oral agreement may be altered or modified by an oral agreement if the latter has been accepted' and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it. Moses v. Woodward, 1933, 109 Fla. 348, 140 So. 651, 141 So. 117, 147 So.. 690. This case cited impressive authorities from other jurisdictions and was used as authority for the same-holding in Carter Realty Co. v. Carlisle, 1934, 113 Fla. 143, 151 So. 498, and Tussing v. Smith, 1936, 125 Fla. 578, 171 So. 238. In the recent case of Judson J. Harris d/b/a Harris Refrigeration Co. v. Air Conditioning Corp., Fla.1955, 76 So.2d 877, this Court adhered to the same ruling, citing the above authorities. An oral modification, under these circumstances is permissible even though there was in the written contract a provision prohibiting its alteration except in writing. 17 C.J.S. Contracts § 377 c., p. 867.”
In the case at bar there is no question but that the parties accepted and acted on the oral agreement. The work was done under the supervision of consulting engineers hired by appellant. An officer of appellant was on the property almost daily. Appellant had paid appellee almost $25,000 in excess of the contracts. These facts alone are sufficient to invoke the rule set out in the Cahill case, supra.
Appellant submits that the evidence is insufficient to support the findings *286 of the chancellor. We have reviewed the ■record and find that although the testimony is conflicting, there is sufficient evidence to support the findings of the chancellor. These findings will not be disturbed unless there is a total lack of substantial evidence to support the chancellor’s conclusions. Chakford v. Strum, Fla.1956, 87 So.2d 419.
It is accordingly our view that the decree appealed from should be and is hereby affirmed.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.