CARROLL, Judge.
The appellees James H. Smith and Ida M. Smith filed an action at law against the appellants William J. Potter and Dorothy L. M. Potter, on indorsements by the latter of certain promissory notes. Defendants contended their indorsements were without recourse. The trial court held otherwise. A partial summary judgment was entered September 21, 1961, in favor of the plaintiffs for the amounts due on the notes, leaving only for future determination by a jury the amount to be allowed for attorney’s fees contracted for. Thereafter, on October 11, 1961, a suit in equity was filed by the indorsers against the law action plaintiffs, seeking reformation of their in-dorsements on the notes so as to make them without recourse. The chancellor denied relief by a final decree rendered August 6, 1962, and that equity decree is the subject of appeal No. 62-558. Thereafter, following jury trial on the amount of attorney fees, final judgment was rendered against the defendant indorsers in the law action on October 1, 1962. Their appeal from the law judgment is No. 62-625. The two appeals were consolidated for purposes of the record, briefing and argument.
Considering first the law action, the determinative question is whether the court ruled correctly that the indorsements were not qualified indorsements under the negotiable instruments law, which provides that an indorsement may be qualified so as to render the indorser a mere assignor by adding “without recourse” or words of similar import to the indorser’s signature.[1]
The form of indorsement typed onto the several notes was identical, as follows:
“For value received, we hereby as- . sign and set over this note to James H. Smith and Ida M. Smith, his wife, in accordance with the terms thereof, in-eluding all our right, title and interest in said note.
“Dated this 21st day of December, 1959.
s/ “William J. Potter
s/ “Dorothy L. M. Potter”
The Florida Supreme Court has recognized that a negotiable instrument may be transferred by assignment. See Moses v. Woodard, 109 Fla. 348, 140 So. 651, 653, 141 So. 117, 147 So. 690. We need not now rule on whether the wording of the indorsement as it appeared on the note, if used apart from the note in a separate instrument would suffice as such an assignment. We are dealing in this case with a signature of a holder on the reverse side of the note.
 We hold, with the weight of authority, that use of language of assignment accompanying signature of the holder, does not qualify the indorsement, and the signature amounts to an unqualified indorsement. To be otherwise it is necessary that the requirements of § 674.41 be met. As a condition for reducing an indorsement to an assignment, the statute plainly provides that the indorser’s signature shall be accompanied by the words “without recourse” or by “any words of similar import.” The trial judge was eminently correct in holding the indorsements in question were not qualified indorsements. See cases collected in Annotation, 44 A.L.R. 1353.
The trial in the equity suit was held before the chancellor who found that the parties seeking reformation had failed to prove their allegations of mistake and fraud. In so holding the chancellor had adequate support on the record.
For the reasons stated the appeals from the judgment in No. 62-625 and from the final decree in No. 62-558 are affirmed.
Affirmed.

. § 674.41, Fla.Stat., F.S.A., provides: “A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser’s signature the words ‘without recourse’ or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument.”