JOHNSON, Judge.
This is an appeal from a final judgment based upon, primarily, a pretrial order wherein, inter alia, the trial court held that the Statute of Frauds was available as a defense in said cause, because the claim of the plaintiffs was not based upon a written instrument.
We cannot agree with the trial court for the reasons hereinafter appearing.
This case was before this court before an appeal (Wise et al. v. Quina (Brown v. Quina), 174 So.2d 590, Fla.App. 1st, 1965). In the first appearance here, this case was consolidated with an equity suit involving the same parties and same set of facts. This court, speaking through Judge Donald K. Carroll, affirmed the lower court as to the equity suit, but reversed as to the law action and remanded the same for further proceeding consistent with the views expressed in the opinion in said case
Among other things, this court said in substance that under neither doctrine of res judicata nor estoppel by judgment were the plaintiffs in the equity suit barred from maintaining an action at law for damages against the Quinas. This court further held that parol evidence was admissible to show that the representations made by Quina were a "substantial factor in inducing plaintiffs * * * to buy lots * * and that this finding was amply supported by the evidence.
We also find this further language in the first opinion of this court, Wise et al. v. *545 Quina (Brown v. Quina), 174 So.2d 590, supra:
“We think that the oral representations or agreement of Quina in the instant appeal fall squarely within this statement of the rule in the Moses case [Moses v. Woodward, 109 Fla. 348, 140 So. 651; 109 Fla. 348, 147 So. 690], for the plaintiffs in good faith accepted and acted upon those representations in such a manner, we feel, that a fraud would be worked on them if his oral agreement should not be recognized and enforced.”
We think the court was speaking more of the equity suit in the quoted language, supra, but the fact remains that this court did affirm the chancellor’s decree wherein the chancellor said “(6) That by virtue of findings (1) through (5), the plaintiffs herein acquired by implied covenant a private easement in said Beach Block 7 as appurtenant to the premises granted and conveyed to them in their several conveyances, and said defendants Quina thus became bound to the grantees not to use the said Beach Block 7 other than for the purposes set forth in finding No. (5), and are now estopped to deny said easement, and * * *»
Further on in this final decree as affirmed by this court, the chancellor found that the Merritts were innocent bona fide purchasers without notice of any implied covenant of easement, and therefore refused to give the plaintiffs any relief against the Merritts, and decreed that the plaintiffs have and hold a private easement in said Beach Block 7, except in those portions of said Block sold to the Merritts and others. (Emphasis supplied.) In its pretrial order, the chancellor found that the plaintiffs had an implied easement in said Block 7, but proceeded to later reject the right of enforcement of said easement as against the portion sold to the Merritts because of the bona fide position of the Mer-ritts, but this did not eliminate the fact that the Quinas had perpetrated a fraud on the plaintiffs and other purchasers of lots in the subdivision. This was affirmed by this court, which in fact, approved the use of parol evidence to establish the fact that the plaintiffs had acquired by implied covenant said right in Beach Block 7. Further, this court cited with approval McCorquodale v. Keyton, 63 So.2d 906 (Fla.1953), wherein this court quoted the following portion from said Supreme Court decision:
“ ‘Whenever the owner of a tract of land subdivides the same into lots and blocks, lays off streets and other public ways and designates portions of said lands to be parks playgrounds or similar facilities or uses similar words calculated to encourage prospective purchasers to buy said lots, and actually sells lots with reference to the plat, he becomes bound to his grantees by the plat and the representations thereon. As the maker of the plat and the one who selects the words used thereon it will be construed against him. Common honesty requires that he perform that which at the time of conveyance he represented he would perform.’ ”
Also cited with approval was Boothby v. Gulf Properties of Alabama, Inc., 40 So.2d 117 (1949), in which parol evidence was admitted to establish rights or easements in a portion of a plat marked “Beach Reserved.” Here the court said the defendant (developer) was estopped to now claim, after sales, that which he represented before sales to be for the benefit of the purchasers.
In the original cases, the defendants did not affirmatively plead the Statute of Frauds. This was pointed out by this court on the first appeal, and this court stated that under the circumstances “we consider that the appellees have waived the question of the application of the Statute of Frauds in this appeal.” The court was then careful to point out that said question not being before the court in said appeal, that nothing said by the court in its opinion in said case “should be construed as ruling upon that question one way or the *546 other.” The chancellor was affirmed in his decree in the equity case, but reversed as to this summary judgment of dismissal of the law case, and remanded for further proceeding. Upon the mandate reaching the trial court, certain amendments to the complaint, not material to this appeal were permitted. The pretrial order, included in this appeal as error, provided inter alia, “(1) The Statute of Frauds is a defense to plaintiffs’ cause of action * * and that the principal of res judicata was not applicable, nor estoppel by judgment. The trial court said further in said pretrial order: “Since the defense of the Statute of Frauds was not raised in the equity suit, and, therefore, was not adjudicated, it cannot be said that the judgment in the first suit estops the defendants herein from interposing it in this suit, which is based upon a different cause of action, as the District Court of Appeal has herein held.”
Because of this ruling by the trial court last, supra, the plaintiffs admitted in response to the requirements of the Court that their claim was based upon no written instrument, save the final decree theretofore entered in the case of Wise, et al v. Quina (Brown v. Quina) et ux, and thereupon defendants’ motion for summary judgment, was entered against the plaintiffs.
We cannot agree with the trial court’s pretrial order, nor its final judgment resulting therefrom. This court in its opinion in this case on the former appeal to which reference is made for the facts in this case, settled the question of the easement of the plaintiffs in Beach Block 7, in favor of the plaintiffs by holding that the plaintiffs did have an implied easement because of the representations made by the defendants at the time of selling the lots to the plaintiffs. (Emphasis supplied.) In so holding, this court affirmed that it would be fraudulent to the plaintiffs to permit the defendants to deny for any reason the implied easement granted at least by parol evidence. Once having so established the plaintiffs’ rights, the question of the Statute of Frauds does not enter the picture. The question of the existence of the easement in the plaintiffs and the defendants conveyance in contravention thereof, has become res judicata as to that point. Having so fixed the existence of said easement by court order, and the violation thereof by the defendants, the Statute of Frauds was not a defense to the action for damages and the trial court erred in so holding. We cannot see where the Statute of Frauds enters the picture under the facts which have already been adjudicated by the court in favor of the plaintiffs. The right had been established — all that was really left to determine was the question of whether the plaintiffs were damaged, and if so, the amount thereof.
For these reasons, ^the order and judgment appealed are reversed and said cause remanded for further proceedings in accordance with the views herein expressed.
WIGGINTON, Acting C. J., and SACK, J., concur.