441 So.2d 1124 (1983)
Edmund MARGIEWICZ and Eleanore Margiewicz, His Wife, and Violet Friedman, Appellants,
v.
TERCO PROPERTIES OF MIAMI BEACH, INC., a Florida Corporation, and Circle T Land and Cattle Corporation, a Florida Corporation, Appellees.
No. 83-1360.
District Court of Appeal of Florida, Third District.
November 8, 1983.
Rehearing Denied December 21, 1983.
Stuart J. Edelman and Claudia B. Greenberg, Coral Gables, for appellants.
Terrence E. Rosenberg, Miami, for appellees.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
We reverse the final order of involuntary dismissal and final judgment of the trial court, and remand for a new trial on the question whether there was a valid assignment. The trial court ruled that in the *1125 absence of any endorsement, the note (and the mortgage securing the note) could not be transferred. This ruling precluded the presentation of full evidence concerning the validity of the assignment and any defenses to the mortgage foreclosure. Endorsement is a prerequisite to transfer by negotiation. § 673.201, Fla. Stat. (1981). However, it is also possible to transfer a note by assignment. Moses v. Woodward, 109 Fla. 348, 140 So. 651, reh'g granted, 109 Fla. 348, 141 So. 117 (1932), rev'd on other grounds, 109 Fla. 348, 147 So. 690 (1933). See also Potter v. Smith, 152 So.2d 513, 514 (Fla. 3d DCA 1963). When a note secured by a mortgage is assigned, the mortgage follows the note into the hands of the assignee. Manufacturers' Trust Co. v. People's Holding Co., 110 Fla. 451, 149 So. 5 (1933); Baker v. Rowe, 102 Fla. 622, 136 So. 681 (1931); Collins v. W.C. Briggs, Inc., 98 Fla. 422, 123 So. 833 (1929). See also Davis v. West, 114 So.2d 703 (Fla. 2d DCA 1959).
Reversed and remanded.