81 So.2d 645 (1955)
Elsie I. HERRING, an incompetent, and Sidney M. Lippmann, as the Guardian of her property, Appellants,
v.
Wilber T. EILAND, Appellee.
Supreme Court of Florida. Division A.
May 20, 1955.
Rehearing Denied June 20, 1955.
Sidney M. Lippmann, Orlando, for appellants.
George H. Hollod, Jacksonville, of Pleus, Edwards & Rush, Orlando, for appellee.
*646 SEBRING, Justice.
The plaintiff below has appealed from a final summary judgment entered in favor of the defendant on motion for summary judgment.
The action arose out of an automobile accident which occurred when the vehicle in which the plaintiff Elsie Herring and her husband were riding as passengers was driven by the defendant into a concrete abutment of a bridge on the highway. As the result of the accident the husband was killed and Elsie Herring was injured to such an extent that she was thereafter declared incompetent.
The complaint filed by the guardian of the incompetent alleged, in substance, that the accident was caused by the negligence of the defendant in driving, in the night-time, at an excessive rate of speed while he "was under the influence of liquor and could not control the said motor vehicle * * * [and] fell asleep directly before the said impact and lost control of said motor vehicle."
After the complaint had been filed, the plaintiff took the deposition of the defendant's wife, who was an occupant of the car at the time of the accident. She testified that on the evening before the accident about one and a half pints of liquor were drunk at her home, that no drinking occurred on the trip the following morning, that she was asleep at the time of the accident and could give no information as to its cause. The plaintiff also took the deposition of the defendant, who testified, in substance, that the parties and their respective spouses had played cards, with accompanying social drinking, throughout the previous evening and had started out about 2 o'clock in the morning on a fishing expedition to Tampa; that while driving 40 or 45 miles an hour around a curve through intermittent fog he pulled too far to the right and struck the concrete abutment of a bridge while attempting to avoid an oncoming car which appeared to be on the wrong side of the road; that at and prior to the time of the accident his wife and Elsie Herring were fast asleep in the car.
After the depositions had been taken, the defendant moved for a summary final judgment in his favor on the pleadings and depositions, on the ground that the complaint presented no genuine issue as to any material fact and that the defendant was entitled to judgment as a matter of law. Upon consideration of the motion, the pleadings, and the depositions, the trial court granted a summary final judgment in favor of the defendant and this appeal followed.
It is contended by the plaintiff that the trial court committed reversible error when it considered the contents of the depositions in arriving at its conclusion that the motion for summary judgment should be granted. It is asserted by the plaintiff that under section 90.05, Florida Statutes, F.S.A., relating to transactions or communications between a witness and a person insane or lunatic, the answers given by the defendant in his deposition related to "transactions" with the incompetent plaintiff, and that the bar of this statute was not waived merely by the plaintiff's having taken the deposition of the defendant for discovery purposes, and would not be waived unless and until the plaintiff elected to introduce such deposition in evidence at the trial of the issues.
We cannot agree that the depositions were not a proper subject for consideration by the trial court. The answers of the defendant in his deposition were not with reference to a "transaction" with the incompetent, as that term is used in section 90.05, supra, 3 Jones Evid., section 793, but dealt with the defendant's activities during the course of the evening and his actions and the speed and movement of his car immediately before the accident. These were, in our opinion, independent facts, not a part of any transaction between the defendant and Elsie Herring and consequently not subject to the bar of the statute. Kilmer v. Gustason, 5 Cir., 211 F.2d 781; U.S.A.C. Transport, Inc., v. Corley, 5 Cir., 202 F.2d 8.
*647 But if we assume, for the sake of argument only, that the defendant's deposition was susceptible in part to the objection urged by the plaintiff, the same could not be said as to the answers given by the wife of the defendant in her deposition. Indeed the plaintiff does not on this appeal question the admissibility of her testimony. Cf. Madison v. Robinson, 95 Fla. 321, 116 So. 31; Fields v. Fields, 140 Fla. 269, 191 So. 512. The only matters which it can possibly be contended might come within the bar of the statute are those to which the wife also testified, and the answers in her deposition, without consideration of her husband's corroborating statements, plainly showed either that the defendant had not been drinking excessively prior to the time the parties set out on their trip, or that to whatever extent he had consumed liquor or failed to obtain proper rest, these facts were known to Elsie Herring, who thereafter, without warning or objection, embarked upon the expedition and slept throughout the trip, and consequently, by assuming the risks of the journey, was guilty of contributory negligence which would bar recovery. Henley v. Carter, Fla., 63 So.2d 192; Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353.
At the hearing on the motion for summary judgment the plaintiff did not present affidavits in support of the genuineness of the complaint, or affidavits in opposition to the motion showing that the plaintiff could not "for reasons stated present by affidavit facts essential to justify his opposition." See Rule 1.36(f), Florida Rules of Civil Procedure, F.S.A., Vol. 30. Therefore, all the trial court had before it at the hearing were the pleadings in the cause and the depositions of the defendant and his wife. These depositions, which were proper for consideration, under Rule 1.36(b) and (c), Florida Rules of Civil Procedure, supra, did not tend to disclose gross negligence on the part of the defendant; indeed, did not make out even a case of simple negligence. Under these circumstances it was perfectly proper for the trial court to enter the summary judgment in favor of the defendant. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525; Ling v. Edenfield, 5 Cir., 211 F.2d 705.
Some question is raised as to whether or not the decision in the present case should be controlled by our holding in Embrey v. Southern Gas & Electric Corp., Fla., 63 So.2d 258, respecting the use of depositions taken of an adverse party in a suit brought by the personal representative of a decedent.
As appears from the opinion in the Embrey case, the decedent was injured by an explosion of escaping fuel gas when she attempted to light a space heater that had been recently installed in her residence. After her death resulting from injuries received in the explosion, her executor sued one Baker, an electric appliance dealer who had sold her the heater, Southern Gas and Electric Corporation, the corporation whose representatives had serviced the heater, and one Sentz and Marshall, who had installed the heater on the premises. Being admittedly unable to prove his case by any other method, the executor of the decedent took the depositions of certain employees of the corporate defendant and the depositions of the defendants, Sentz and Marshall, in an effort to establish the cause of the accident. These depositions were broad in scope and covered a wide variety of events, including conversations with the decedent at and prior to the time the heater had been delivered and put into operation.
After the depositions had been filed in the cause, the defendants moved for the entry of a summary final judgment in their favor on the ground that the evidence contained in the depositions showed affirmatively that there existed no genuine issue as to any material fact to be tried. At the hearing on the motion, the executor objected to any consideration by the court of those portions of the depositions which contained the cross examination of the witnesses in respect to conversations with the decedent, on the ground that the questions and answers were not relative or germane to the subject matter of the main inquiry and consequently had the effect of injecting into *648 the inquiry new matter respecting transactions and communications with the decedent, in violation of section 90.05, Florida Statutes, F.S.A., which provides that no person to an action shall be examined as a witness "in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator * * * but this prohibition shall not extend to any transaction or communication as to which any such executor [or] administrator * * * shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence."
The court rejected this contention on the view that the challenged questions and answers elicited on cross examination in the deposition proceedings were germane and relevant to the subject matter of the main inquiry, and that since the executor had sought, in the summary judgment proceeding, to use the depositions (with the challenged portions of the cross examination eliminated) as evidence to sustain his position that the complaint did present a genuine issue to be tried, he had waived the prohibition of the statute by presenting evidence concerning a transaction or communication with the deceased which, when taken as a whole, disclosed that there was no genuine issue as to any material fact. As was pointed out in the decision [63 So.2d 263], "A party for whose benefit or protection the disqualification [of the statute] is erected, by calling and examining as a witness one who is incompetent to testify concerning transactions or conversations with the deceased, waives the incompetency of the witness with respect to matters concerning which he is examined and renders him competent as a witness against the examining party as to such matters. `If the incompetency of the witness exists only where a personal transaction with the deceased is involved, his examination as to such a transaction is a waiver of the incompetency in respect thereto, and entitles him to bring out not merely that part concerning which he was first interrogated; but all the facts regarding the transaction.' 58 Am.Jur., Witnesses, Section 358." (Emphasis supplied.)
The case of Embrey v. Southern Gas & Electric Corp. therefore is not authority for the proposition that where the personal representative of a decedent takes the deposition of the adverse party he, ipso facto, waives the protection thrown round him by virtue of the provisions of section 90.05, Florida Statutes, F.S.A., without regard to what the deposition may contain. Indeed, the decision in the case is in full recognition of the principle that the mere taking of the deposition does not effect such result, Catlett v. Chestnut, 117 Fla. 538, 158 So. 418, but that in every case where the use of the deposition is sought in legitimate proceedings, as, for example, a summary judgment proceeding under Rule 1.36, Florida Rules of Civil Procedure, supra, the question is always present whether or not the personal representative at whose direction the deposition was taken has waived the protection of the statute by failing to make timely objections to the use of the deposition by his adversary, or, as the personal representative in the Embrey case did, has admitted the competency of all germane and relevant evidence contained therein by attempting to use the portions of the evidence helpful to his side, to the exclusion of the other portions, to support his position, in opposition to the motion for summary judgment, that the complaint was based on a genuine issue as to a material fact. Whenever such a waiver of the protection has been thus effected by the personal representative, all of the legally competent evidence appearing in the deposition, whether on direct or on cross examination, may be used by either party in a summary judgment proceeding just as the evidence contained in a deposition not involving a question of privilege or waiver may be used in support of, or opposition to, a motion for summary judgment.
In the instant case, of course, no consideration need be given to the question of whether or not under the particular circumstances the lack of an express waiver of the statute could preclude consideration of the deposition in summary judgment proceedings, in view of our conclusion contrary to *649 plaintiff's contentions as to the applicability of section 90.05, supra, initially.
The judgment appealed from should be affirmed.
It is so ordered.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.