90 So.2d 916 (1956)
PROFESSIONAL INSURANCE CORPORATION, Appellant,
v.
William Alpheus CAHILL, Appellee.
Supreme Court of Florida, Division B.
December 5, 1956.
*917 Boggs, Blalock & Holbrook, Jacksonville, for appellant.
S. Perry Penland, Jacksonville and Porter W. Ingram, New Smyrna Beach, for appellee.
O'CONNELL, Justice.
This is a proceeding in the nature of certiorari under Fla.Supreme Court Rule 14, 31 F.S.A., brought by the defendant in the court below, Professional Insurance Corporation. The defendant seeks review by this Court of an interlocutory order of the circuit court striking one of the defenses filed by defendant.
The plaintiff Cahill, respondent here, was employed on July 1, 1948, as a salesman by the petitioner insurance company. The terms of employment were evidenced by a written contract, which contract provided that it could not be waived or modified except in writing, executed by a duly constituted officer of the insurance company. For his services plaintiff was to receive commissions on the premiums from the policies sold. In event the contract was terminated after he had written a certain volume of business, which he did, plaintiff was to receive renewal commissions on policies renewed for the first time at one half the rate otherwise payable for the balance of the first insurance year on policies written by him.
Cahill terminated the contract on September 1, 1951. Subsequently he filed this suit in chancery for an accounting of sums he claimed due him for renewal commissions.
In his bill of complaint Cahill claims that the written contract executed on July 1, 1948 was modified orally by the parties about September 1, 1948. He claims that under the agreement as so modified he was obligated to perform extra services of an executive nature, which are not specifically alleged, and that after the termination of his employment he was to receive full renewal commissions for the full year following the termination of the contract and then renewal commissions at one half the rate as provided in the contract.
In its answer, the defendant insurance company, denied the existence of the oral agreement and asserted several affirmative defenses. One of these, affirmative defense number 2, asserts that the alleged oral agreement was void because of the provision of the contract requiring modification to be in writing executed by a duly constituted officer, and then sets forth that Cahill did perform other services, i.e. (1) assisting other agents and straightening out troubles for which he was paid $25 per week and (2) organizing and directing community health drives for which he received an overwriting commission on all insurance sold on these drives in addition to the regular commissions on insurance sold by him. This defense also set forth the sums of money Cahill had earned in the years 1949, 1950 and 1951 and alleged that he had been amply compensated for his services under both the written and the alleged oral agreement.
Cahill moved to strike this affirmative defense number 2 and the chancellor did so. It is the order striking this defense which is complained of by the insurance company. We are called upon to decide whether the chancellor erred in striking this defense.
The rule is well settled that an executory or parol agreement will not be permitted to abrogate or modify a written or *918 sealed instrument, but this rule is not without exceptions. A written contract or agreement may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it. Moses v. Woodward, 1933, 109 Fla. 348, 140 So. 651, 141 So. 117, 147 So. 690. This case cited impressive authorities from other jurisdictions and was used as authority for the same holding in Carter Realty Co. v. Carlisle, 1934, 113 Fla. 143, 151 So. 498, and Tussing v. Smith, 1936, 125 Fla. 578, 171 So. 238. In the recent case of Judson J. Harris d/b/a Harris Refrigeration Co. v. Air Conditioning Corp., Fla. 1955, 76 So.2d 877, this Court adhered to the same ruling, citing the above authorities. An oral modification under these circumstances is permissible even though there was in the written contract a provision prohibiting its alteration except in writing. 17 C.J.S., Contracts, § 377 c., p. 867.
Although the plaintiff may be able to prove that the contract in question was modified orally, under an exception to the general rule, nevertheless this does not prevent the defendant from alleging and proving that the terms of the agreement as modified, if it was, were different from the version pleaded by the plaintiff.
Further, since the authorities above cited indicate that a written contract may be modified by parol where the oral modification has been accepted and acted upon by the parties in such manner as to work a fraud on either party to refuse to enforce it, it is material that defendant be able to plead that plaintiff was compensated for the additional services involved. If plaintiff has been compensated according to the agreement between them for the extra work it does not appear that there would be any fraud practiced on him.
We should state here, however, that we do not consider the allegations of the defense in question relating to the sums earned by the plaintiff in the years specified to be material. On a motion directed to them specifically they should be stricken.
We therefore hold that defendant should be given the right to plead its version of the employment for the extra services rendered by plaintiff and its version of the compensation agreed to be paid for such extra services, and that such compensation was paid, just as plaintiff is allowed to plead and prove, if he can, that the written contract was modified by parol and that he was not compensated for the services rendered under the contract as modified.
Accordingly the order appealed from is quashed with directions that further proceedings be had herein not inconsistent with this opinion.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.