PER CURIAM.
The appellee Willis-Burch, Inc., is the assignee of a claim owned by appellee American Marine Corporation arising out of a written contract of charter with appellant. The written contract was a time charter of a vessel at the rate of $7S0 per day. The charter began, under the terms of the contract, when the vessel left the docks of American Marine Corporation and continued until it returned to said docks, “unless agreed otherwise in writing between the parties.” There was no written modification of the agreement between the parties.
In an action by Willis-Burch, Inc., to recover the unpaid portion due under the contract of charter, appellant filed a cross-claim against American Marine Corporation and a counterclaim against Willis-Burch, Inc. In substance, the cross-claim alleged a verbal agreement with American Marine Corporation that the contract of charter would be performed in four days, whereas, by reason of the negligence on the part of American Marine Corporation, the charter or contract was prolonged an additional ten and one-half days resulting in damage to the appellant in the sum of $15,-000. The counterclaim alleged substantially the same facts as were contained in the cross-claim but in addition, further alleged that the contract of charter was completed prior to its assignment by American Marine Corporation and was, therefore, subject to the same defenses asserted by the appellant against American Marine Corporation.
The appellees moved to dismiss the cross-claim and counterclaim respectively and the court, after hearing, granted same and dismissed the respective pleadings with prejudice. This appeal is from the order granting the motions to dismiss and dismissing the cross-claim and counterclaim with prejudice. The three questions posed by the appellant for reversal have been carefully considered in the light of the record on appeal and are found to be without merit.
 The main question posed is whether, under the allegations of the cross-claim and counterclaim, sufficient facts were stated to warrant the inference that the written contract of charter had been altered or modified by oral agreement of the parties. The appellant contends that the written contract had been altered or modified by oral agreement when it was accepted and acted upon by the parties. We conclude from the pleadings that this was an attempt to orally modify a written contract and sufficient facts were not alleged to take it out of the rule that prohibits such modification. The rule as stated in Professional Insurance Corporation v. Cahill, Fla.1956, 90 So.2d 916, is to the effect that such contracts may be altered or modified by oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party if it were not enforced. Facts necessary to the application of this rule do not appear in the pleadings in question.
Accordingly, the order appealed is affirmed.