174 So.2d 776 (1965)
Stephen W. SEARS, Earl L. Komar and Maude I. Komar, Appellants,
v.
JAMES TALCOTT, INC., Appellee.
No. 5052.
District Court of Appeal of Florida. Second District.
April 15, 1965.
Rehearing Denied May 17, 1965.
*777 Quentin V. Long, Hollywood, for appellants.
McCune, Hiaasen, Crum & Ferris, Ft. Lauderdale, Shapiro, Fried & Weil, Miami Beach, for appellee.
MELVIN, WOODROW M., Associate Judge.
A summary final judgment was entered against the defendants-appellants in a suit brought upon guarantee agreements executed by each of them.
The record in this case reflects that Automated Tool & Die, Inc., a Florida Corporation, was engaged in the tool and die business in Broward County, Florida. The defendant, Maude I. Komar, in an effort to arrange a loan for this corporation, of which her son, Earl L. Komar, and her son-in-law, Stephen W. Sears, were the secretary and president respectively, contacted the plaintiff, James Talcott, Inc., to obtain desired financing. As a prerequisite to making the loan to Automated Tool & Die, Inc., the plaintiff asked for and obtained the personal guarantees of Maude I. Komar, Stephen W. Sears, John B. Roberts and Earl L. Komar, and by written guarantee agreements, said individuals agreed to be primarily liable for payment of the debts of Automated Tool & Die, Inc. to James Talcott, Inc. The undisputed amount of such indebtedness is the sum of $161,239.60.
James Talcott, Inc. brought its action on the guarantee agreements, and the defendants, Stephen W. Sears, Earl L. Komar and Maude I. Komar, filed a general denial and, for affirmative defense, asserted that all agreements sued upon by plaintiff "were obtained through fraud and misrepresentation on the part of the plaintiff". The defendants made no effort to point in their plea to any circumstance that would, if established, constitute fraud or misrepresentation. Defendants, therefore, gave recognition to rule 1.9(b) Rules of Civil Procedure, 30 F.S.A., by breach rather than by observance thereof.
Before the trial court for consideration, upon motion for summary final judgment, were the written contracts sued upon, and the written contract between plaintiff and Automated Tool & Die, Inc., together with undisputed statement of account due thereon. Likewise, the Court considered the deposition and affidavit of the defendant, Maude I. Komar, offered in opposition to plaintiff's motion for summary final judgment. The defense thus offered by Maude I. Komar is that she signed the personal guarantee agreement with the understanding, as stated to her by an agent of plaintiff, (1) that her personal liability would not exceed $50,000.00, and (2) that before plaintiff would loan any money to Automated Tool & Die, Inc. on accounts receivable, an agent of plaintiff *778 would personally verify the authenticity of such accounts. It was the view of the trial court that such matters of defense were not admissible under the parol evidence rule, and error is assigned to such ruling.
The contract between Automated Tool & Die, Inc., and James Talcott, Inc., provided that the accounts receivable of Automated Tool & Die, Inc. were thereby assigned to plaintiff as security for loans and advances made or to be made by plaintiff to it, and by its contract, Automated Tool & Die, Inc. warranted that such accounts receivable were bona fide and existing obligations of its customers.
The agreement executed by each individual defendant, for valuable consideration, guaranteed payment by them jointly and severally of "any and all sums" that might become due James Talcott, Inc. by Automated Tool & Die, Inc. under its contract, and each defendant agreed to be primarily liable for payment of any such sum.
The defendant, Maude I. Komar, testified that she had read the contract signed by her. The contract clearly purports to set forth the entire agreement between the parties. The proffered defense is inconsistent with the plain terms of the agreement, which is an unqualified guarantee by the defendants to the plaintiff. If parol evidence were admissible to accomplish the purpose of this defendant, then a plainly worded unqualified guarantee of payment would be diluted to a partial payment guarantee, and the contract terms would be further eroded by placing upon plaintiff the additional burden of determining the bona fides of accounts receivable, all contrary to the plain terms of the contract to the effect that such determination must be made by Automated Tool & Die, Inc.
The parol evidence rule serves as a shield to protect a valid, complete and unambiguous written instrument from any verbal assault that would contradict, add to, or subtract from it, or affect its construction. J.M. Montgomery Roofing Co. v. Fred Howland, Inc., Fla. 1957, 98 So.2d 484; E.A. Turner Construction Co. v. Demetree Builders, Inc., Fla.App. 1962, 141 So.2d 312.
The summary final judgment appealed from is affirmed.
SMITH, C.J., and ANDREWS, J., concur.