WHITE, Judge.
Defendants Robert E. Parker and wife appeal an adverse summary decree which decreed a mortgage lien upon certain lands superior in dignity to claims of said defendants. The chancellor ruled that the plaintiff was entitled to foreclosure. By order of this court dated 14 October 1964, the appeal is treated as interlocutory. The sole question presented is whether or not there was any genuine issue of material fact which would preclude the summary decree as entered. We find no error and therefore affirm.
The defendants admittedly signed a mortgage and note in their individual capacities in the amount of $80,000.00 which loan was separately guaranteed by Citrus City, Inc. by a loan guarantee agreement signed by the corporate president and secretary. In the foreclosure suit the defendants alleged: (1) failure of consideration in that the loan was not paid to them but was paid directly to Citrus City, Inc.; (2) that defendants were not the principal debtors but that they merely guaranteed a loan to the corporation in the event that the corporation failed; and (3) that subsequent to execution of the note and mortgage the parties orally modified the agreement.
The plaintiff asserted that the loan was made to the defendants individually. This is consistent with the face of the note and the mortgage executed by the defendants and with the Loan Guaranty Agreement executed by the corporation. The contrary assertions of the defendants are, without more, mere conclusions of the pleader. The situation here would be essentially the same even if it were assumed that the contract was made in accommodation of a third party beneficiary.
As to their remaining contention of subsequent modification of agreement, the defendants cite law but no significant facts. The record does not support the contention that there was an oral modification of the contract after execution of the subject mortgage. Cf. Sears v. James Talcott, Inc., Fla.App.1965, 174 So.2d 776, Second District opinion filed 15 April 1965. On such a record the court may pierce the paper issues created by the pleadings. Smith v. Bollinger, Fla.App.1962, 137 So.2d 881; *576 Hoyt v. Galbrcath, Fla.App. 1961, 135 So.2d 875; Warring v. Winn-Dixie Stores, Inc., Fla.App.1958, 105 So.2d 915, 918.
There appearing no reversible error, the decree is affirmed.
ALLEN, Acting C. J., and ANDREWS, J., concur.