PEARSON, Judge.
The appellant, Venusa Development Corporation, appeals an order striking its affirmative defenses in an action brought by the appellee, Southeast Mortgage Company, to foreclose a mortgage on real property.
The defendant, Venusa, in its answeT to the complaint, admitted the execution of a loan agreement (containing a typical merger clause) and a mortgage which was made expressly subject to the terms of the loan agreement; the answer also contained affirmative defenses. The first affirmative defense alleged that contemporaneously with the execution of the loan agreement and mortgage, the parties orally agreed that certain submerged lands, referred to as the “Lake,” would be included in the mortgage for the sole purpose of providing additional security to the plaintiff that the remaining real property would be properly filled with rock fill, such fill to be removed from the Lake, and that once the remaining real property was filled, the Lake would be released from the security of the mortgage. The defendant further alleged that this oral representation was made for the purpose of inducing the defendant to execute the loan documents, and that the defendant would not have executed the loan documents had it not been for the oral representation. The defense alleged that the remaining property had been properly filled with rock fill from the Lake, but, nevertheless, the plaintiff had refused to release the Lake from the encumbrance of the mortgage. The second affirmative defense alleged that at the time of the oral representation concerning the release of the Lake from the mortgage, plaintiff had no intention of releasing the Lake, and that the representation was made with the intent to defraud the defendant and to induce it to enter into the loan agreement.
The question' presented is whether the defendant may in a mortgage foreclosure attempt to change the express terms of the mortgage upon the allegation of a contemporaneous oral agreement to exclude certain lands from the lien of the mortgage. We hold that the trial judge correctly applied the parol evidence rule when he held that such rule barred the purported defenses.
The appellant relies upon a statement contained in Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1936) and upon the holding of this court in Healy v. Atwater, Fla.App.1972, 269 So.2d 753.
In Mallard, supra, the court was faced with an action to foreclose a purchase money mortgage upon an apartment building with a counterclaim by the mortgagor to recover certain items of furniture which had been contained in the apartment building, and which the mortgagee had allegedly agreed to transfer along with the real estate, but which had been removed by the mortgagee before the actual delivery of possession of the real estate. A special master found that there was executed in addition to the deed, note and mortgage, a bill of sale purporting to transfer “all the furniture, furnishings and fixtures contained in the Margoel Apartments” which bill of sale had as an attachment to it an inventory of various items. The *88 master further found that the furniture listed in the counterclaim was not listed in the inventory attached to the bill of sale, and disallowed the counterclaim for the value of the furniture. The court’s foreclosure decree followed the master’s report, and denied the counterclaimant any setoff against the foreclosure.
The supreme court reversed. It held that since the transaction between the parties consisted of the purchase of both the apartment house and the furniture located therein, the furniture was part of the consideration for the defendant-mortgagor’s promise to pay the total price agreed upon by the parties. The court further found that because the purported bill of sale recited the consideration to be “Ten Dollars, and other good and valuable consideration,” and because there obviously was more consideration than simply ten dollars transferred between the parties, the bill of sale could be evidence only of a portion of the true consideration for the entire transaction.
The court therefore applied as its holding the clarification of the rule which provides that:
. . the true or real consideration of the instrument may be shown by either party by any competent evidence although the consideration so shown may be different in amount of quantity from the consideration expressed provided it is not inconsistent with it. See Sullivan v. Lear, 23 Fla. 463, 2 So. 846, 11 Am.St.Rep. 388; 3 Ency. of Ev. 382.” 164 So. 674 at 678.
In addition the court stated:
“It is also a generally recognized rule that parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract, though it may vary, change or reform the instrument. It is true that such rule requires the agreement to be shown by evidence that is clear, precise, and indubitable; that is, it shall be found that the witnesses are credible, that they distinctly remember the facts to which they testify, and that they narrate the details exactly and that their statements are true.” 164 So. 674 at 678.
Healy v. Atwater, supra, involved an alleged contemporaneous oral agreement which was claimed to have induced a seller into entering into an exclusive listing agreement with a real estate broker. While this court clearly applied the Mallard dicta to allow parol evidence to be admitted, it conditioned the admission of such evidence upon . . clear, precise and indubitable proof presented by credible witnesses.” 269 So.2d 753 at 755.
In the instant case, the trial court found[1] that the affirmative defenses were insuffi- *89 dent as a matter of law. He did not hold that the exception to the parol evidence rule recognized by the Supreme Court in Mallard v. Ewing, supra, and applied by this court in Healy v. Atwater, supra, does not exist, but held that under the facts of this case where (1) the parties were dealing at arms length, (2) the allegation of fraud was by conclusion only, (3) the mortgage provided by express terms that the parties did not rely on any oral representation, (4) the mortgage expressed an exact method for release of portions of the property from the lien of the mortgage, the tendered defense seeking to exclude a portion of the property from the lien by oral agreement was insufficient. It should be noted that appellant does not argue that the whole mortgage should be set aside for fraud. The argument essentially is that the mortgage is good as to all but a portion of the property. In effect, appellant seeks a counterclaim for reformation. We agree that the tendered defenses were insufficient as a matter of law. See Schwartz v. Zaconick, Fla.1954, 68 So.2d 173; Sears v. James Talcott, Inc., Fla.App.1965, 174 So.2d 776; and see Sutton v. Gulf Life Ins. Co., 138 Fla. 692, 189 So. 828 (1939).
Affirmed.

. * * * # * * *
“It is the Court’s finding and opinion that both the First and Second Affirmative Defenses contained in VENUSA’s Answer to the Plaintiff’s Complaint are insufficient defenses as a matter of law to the relief sought by the Plaintiff in its Complaint herein. Any and all evidence offered or adduced at the final hearing of this cause by VENUS A in support of its First and/or Second Affirmative Defense would clearly be in contravention and violation of the Parol Evidence Rule, under which parol evidence is inadmissible to vary the terms of a valid and unambiguous written instrument (which the Court finds the Loan Agreement and Mortgage to be). From all that appears from the allegations of the Complaint and VENUSA’s Answer thereto, those parties were dealing entirely at arm’s length in the negotiations for and execution of the Loan Document; there certainly is not alleged any fiduciary or confidential relationship. They not only expressly recognized in the Loan Agreement itself that no oral statement or prior written matter should have any force or effect, but VENUS A acknowledged therein that it was not relying on any representations or agreements other than those contained in the written Loan Agreement and the Mortgage committment and that the Loan Agreement should not be modified or canceled except by writing subscribed by all parties. (See paragraph no. 20 of Loan Agreement quoted, supra). None of the Loan Documents made provision for any alleged agreement to release from the lien or security of the Mortgage of the Lake included in the mortgaged property condition upon the remainder of the mortgaged property being filled. Significantly, however, the Mortgage itself contained an *89 express RELEASE PROVISION, whereunder the precise conditions under which land would be released from the Mortgage lien (size of parcels to be released, amount per acre or square foot for release price and the right of the mortgagee-plaintiff to approve selection of the properties to be released) were clearly prescribed.
“Neither the Parol Evidence Rule nor the foundation for it can, in this Court’s opinion, be obviated or obliterated by merely averring an oral promise, allegedly constituting part of an oral agreement made prior to or contemporaneously with a valid and unambiguous written agreement, was or constituted a misrepresentation, fraudulent or otherwise. If such were the case, any alleged oral misrepresentation, constituting part of an oral agreement made prior to or contemporaneously with a clear written agreement, could be characterized as fraudulent to escape the very reason for the common law rule excluding the admission of parol evidence in contravention of an unambiguous written agreement. And, if such alleged oral agreement cannot be proved by competent legal evidence, the agreement itself cannot be regarded as existing in fact or in law, since there can be no legal proof of it. Particularly is the parol evidence exclusion applicable here, when the parties were dealing at arm’s length and the Loan Agreement itself contained the provisions in paragraph no. 20 thereof quoted above. Such a provision is binding upon VENUSA and the allegations of its affirmative defenses do not offer it any escape therefrom. Moreover, the quoted provision of the Loan Agreement demonstrates that VENUSA not only had no right to rely, but was not relying upon, any alleged oral promise or representation made by the Plaintiff to it prior to or contemporaneously with the execution of the Loan Agreement and Mortgage, absent which no actionable fraud or misrepresentation could be asserted by VENUSA as a defense in this action in any event. For these and other reasons apparent on the face of the pleadings herein, the First and Second Affirmative Defenses contained in the Answer of VENUSA are insufficient to the Plaintiff’s claim for relief and should be stricken.”