PER CURIAM.
Central Bank and Trust Company sought to foreclose a mortgage executed by Diaz, securing Diaz’s contemporaneously executed guaranty to pay the outstanding debts of a corporate automobile dealership in which Diaz was the majority shareholder. The trial court, concluding from Diaz’s testimony that the parties intended the mortgage (despite its clear and unqualified language) to collateralize only a certain limited part of the guaranteed corporate indebtedness and finding further that such limited part had been paid, denied foreclosure. The bank appeals.
We reverse upon a holding that (1) because the language of the mortgage unambiguously secured Diaz’s guaranty, which, in turn, unambiguously and without limitation made him responsible for all outstanding debts of the corporation, the trial court erred in allowing parol testimony to vary and contradict the unambiguous terms of these instruments, see Florida State Bank of Tallahassee v. Honey, 407 So.2d 1082 (Fla. 1st DCA 1982); and (2) there being no dispute that the corporation was in default in its obligations to the bank and that Diaz was in default of his guaranty to pay the corporate obligations, the bank was entitled to a judgment foreclosing the mortgage.
Reversed with directions to enter a judgment of foreclosure in favor of the appellant.