537 So.2d 156 (1989)
Mary Palmer POLK, et al., Appellants,
v.
Earl M. CRITTENDEN, Appellee.
No. 88-633.
District Court of Appeal of Florida, Fifth District.
January 12, 1989.
Walter S. McLin, III, of McLin, Burnsed, Morrison & Johnson, P.A., Leesburg, for appellants.
Michelle T. Morley, of Cauthen, Robuck, Hennings, Milton, Oldham & Cox, P.A., Tavares, for appellee.
SHARP, Chief Judge.
Mary Palmer Polk and William F. Polk (personal representatives of William F. Polk, Sr.) appeal from a final summary judgment entered against them which held that appellee, Earl Crittenden, was not personally liable on a mortgage note, and which cancelled a mortgage deed. The Polks were ordered to release Crittenden from any further obligations under a mortgage and Crittenden was ordered to tender title of the mortgaged property to the Polks within 30 days. The basis for the trial court's ruling was its conclusion that there existed between Polk Sr. and Crittenden an oral agreement to reconvey the mortgaged fee in the event a freeze occurred that damaged an orange grove on the property. However, there was no written evidence of this agreement, and it contradicted the absolute and plain terms of the mortgage deed and note executed by Crittenden. The trial court also ruled that proof of the oral agreement was not barred by the parol evidence rule, nor the Dead Man's Statute. § 90.602, Fla. Stat. (1985). We reverse.
*157 The record in this case establishes that Crittenden entered into a contract to purchase a 25 acre citrus grove in Lake County, Florida, from Polk Sr. for $375,000. A closing took place in 1982, at which time Polk Sr. executed a mortgage deed to Crittenden. Pursuant to the terms of the purchase money mortgage (which was consistent with the contract), Crittenden was to pay Polk Sr. an annual payment of $22,666.68 on December 1st of each year for seven years (plus interest at 12% per annum), and on the eighth year, pay the remaining principal balance in full. Crittenden signed the note and mortgage in his individual capacity, without any conditions or limitations. The contract also provided that no other representations or agreements were binding unless incorporated into the contract.
The first annual payment was apparently made. But in December of 1983, a devastating freeze damaged the grove. Crittenden requested Polk Sr. to defer the 1983 principal payment to the end of the balloon mortgage and extend the balloon one additional year. Polk Sr. agreed and accepted a reduced interest payment of $15,000.
In January, 1985, another severe freeze occurred, which killed the remaining citrus trees in the grove. Crittenden again requested a reduced payment. However, Polk Sr. was then dead, and his personal representatives denied Crittenden's request. Crittenden paid the full amount due for 1985.
In 1986 when payment was due on the mortgage, Crittenden filed suit seeking to enforce an alleged oral agreement with Polk Sr. He tendered the payment for 1986 into the registry of the court. He sought to prove through affidavits and his own deposition, that at some time prior to the closing or contemporaneously with it, he and Polk Sr. agreed that Crittenden would not be personally liable on the mortgage note, and that Polk would look only to the property to satisfy the mortgage debt. Further, it was alleged they also agreed that if the grove was destroyed by a freeze, Polk would forgive the mortgage debt and Crittenden would reconvey the fee to Polk.
Polk's personal representatives counterclaimed on the note. They also served Crittenden with a request for admissions. One key request was that required Crittenden admit or deny that his sole proof of the claimed agreement was an oral communication between himself and Polk Sr., and that Polk is now deceased. Crittenden denied this request. He also refused to admit that any part of the claimed agreement was in writing.
In an effort to discover the basis for Crittenden's suit, the personal representatives took Crittenden's deposition. It revealed the substance of Crittenden's oral agreement with Polk as described above. It also established that the agreement was solely oral, between Polk Sr. and Crittenden alone, and could only be established by Crittenden's testimony.
Both parties filed motions for summary judgment. Crittenden filed his own affidavits to establish the oral agreement. He also filed an affidavit of Byron Dean, the realtor in the 1982 grove sale. Dean could only corroborate that in 1982 Crittenden negotiated with Polk Sr. for a non-recourse deal, but he did not know whether this was put in writing, and he could not say of his own knowledge that Polk agreed to it.
Polk's personal representatives supported their motion for summary judgment with Crittenden's deposition. In the motion they specifically reference the lines in the deposition where Crittenden admitted the agreement was oral and that it was provable solely by communications between himself and Polk Sr., heard only by himself. They filed Crittenden's deposition with their summary judgment motion.

I. APPLICATION OF THE DEAD MAN'S STATUTE § 90.602
The first hurdle Crittenden must clear in this case is avoiding the application of the Dead Man's Statute, section 90.602, which would have barred oral testimony concerning Polk Sr.'s collateral agreement. The statute which codifies this ancient rule of evidence in Florida provides (in pertinent part):

*158 (1) No person interested in an action or proceeding against the personal representative ... of a deceased person ... shall be examined as a witness regarding any oral communication between the interested person and the person who is deceased... at the time of the examination.
(2) This section does not apply when:
* * * * * *
(b) Evidence of the subject matter of the oral communication is offered by the personal representative ... of a deceased person ...
§ 90.602. Both parties agree that the Dead Man's Statute should have barred Crittenden's testimony or affidavits unless Polk's personal representatives waived its application by filing Crittenden's deposition in connection with their motion for summary judgment.
Perhaps because the Dead Man's Statute has in many cases served to bar relevant testimony and thereby has thwarted the full hearing of a matter, the courts have seized upon the waiver provisions of the statute and have given it a broad interpretation. For example, if the personal representative waives the statute in one phase of the litigation, it is deemed waived for the remainder. Briscoe v. Florida National Bank of Miami, 394 So.2d 492 (Fla. 3d DCA 1981); Boling v. Barnes, 216 So.2d 804 (Fla. 2d DCA 1968), cert. discharged, 225 So.2d 510 (Fla. 1969). A more difficult question, presented in this case, is the extent of the waiver where a deposition of the barred witness is not only taken, but filed in the proceeding.
In re Estate of Bechtel, 348 So.2d 927 (Fla. 2d DCA 1977), cert. denied, 360 So.2d 1247 and 360 So.2d 1249 (Fla. 1978), and Boling, the Second District held that a barred proof introduced by way of an affidavit or deposition by the party who has the right to bar the proof, or without objection by the opposing party in one phase of the proceeding, waives the statute as to a repeat of the same testimony in a later stage of the proceeding. In both cases, the courts were concerned with a repeat of the same proofs which had been admitted earlier. They did not consider whether filing a deposition waives the statute as to all matters contained therein, although admittedly the language used in those cases is broad enough to support such a view.
However, this issue was addressed in Bordacs v. Kimmel, 139 So.2d 506 (Fla. 3d DCA 1962) and In re Estate of McCoy, 445 So.2d 680 (Fla. 2d DCA 1984). In McCoy, the appellate court reversed a directed verdict against an incompetent's guardian. The attorney for the guardian deposed the interested parties under the statute whose testimony would be barred by section 90.602. Portions of the depositions established the incompetent's case to set aside a deed: lack of consideration and a close, fiduciary relationship. In another part of the deposition, the potentially barred witnesses said the incompetent told them she wanted the grantee of the challenged deed to be her heir. In remanding for trial, the court said that if the attorney for the guardian used any part of the deposition, she would waive any objection to the other matters covered in the deposition. Similarly, in Bordacs, the court held that use of a deposition filed to support a motion for summary judgment waived the bar of section 90.602 for all the matters covered in the deposition, at the final hearing.
It appears to us that the indiscriminate waiver approach adopted by Bordacs and McCoy is not soundly based on either the language of section 90.602 nor precedent. The McCoy court expressly stated it relied upon Herring v. Eiland, 81 So.2d 645 (Fla. 1955). Herring reviewed prior Florida precedents and concluded, primarily on principles of basic fairness, that a personal representative could not call and examine a barred witness and use only the favorable matters elicited, without waiving the bar as to "all the facts regarding the transaction." Id. at 648. Use of barred evidence makes admissible "all germane and relevant" evidence to support the opposing party's position.
In this case, the deposition of Crittenden was used by the personal representatives for the sole purpose of establishing that all proofs Crittenden had of his claimed oral *159 agreement with Polk Sr. would be barred by section 90.602. The motion specifically referred solely to those parts of Crittenden's deposition where he admitted the agreement was only oral and only a deux. It was not offered to establish the content of the agreement or even to dispute its existence. Further, the use of Crittenden's deposition for summary judgment was necessitated by Crittenden's earlier refusal to reply candidly to the personal representative's request for admissions.
If the use of Crittenden's deposition in this context waives section 90.602 for all purposes as to all matters contained therein, then as Judge Pearson points out in his dissent in Bordacs, the courts have made summary judgment proceedings a virtual impossibility for parties to whom section 90.602 is available as a bar or defense. We agree with his analysis that the use of a party's deposition for the sole purpose of demonstrating that no other evidence exists of a claim, transaction or conversation (which is the basis for a claim or suit), other than evidence which is barred by section 90.602, does not waive the benefit of the bar in a later trial on the merits.
Additionally, we hold that use of a deposition in this manner and context does not waive the bar of section 90.602 for the summary judgment proceeding, either. Both the affidavits of Crittenden and his statements in his deposition as to the content of his agreement with Polk Sr. were established by this record as barred from consideration by the court pursuant to section 90.602. They were only oral and only privy to Crittenden. Had there been other proofs of the agreement in the deposition or affidavits not barred by the statute (e.g. other witnesses, written proofs), then under the fairness test of Herring, Crittenden would be entitled to use these portions to defeat the personal representatives' motion for summary judgment. However, there were no such proofs in this case. So long as the personal representatives do not introduce or allow unobjected to "evidence of the subject matter of the oral communication" (§ 90.602(2)) itself, no waiver occurs through proofs at summary judgment of its oral nature.

II. PAROL EVIDENCE
However, even assuming arguendo, that the whole of Crittenden's deposition and affidavits were properly considered by the trial court under section 90.602(2), we think summary judgment for Crittenden was erroneous because of the impact of the parol evidence rule, and the extremely high burden of proof Crittenden must carry to vary the plain meaning of the written documents involved in this case: contract for purchase, note and mortgage deed.
None of the written documents pertinent to the Polk Sr.-Crittenden transactions regarding this grove property lend any support to Crittenden's position that he had no personal liability on the mortgage debt; that Polk Sr. would look solely to the land for repayment; or that the transaction could be cancelled at Crittenden's option if there was a damaging freeze. As in Sears v. James Talcott, Inc., 174 So.2d 776 (Fla. 2d DCA 1965), Crittenden's proffered theory of an unwritten side agreement is completely inconsistent with the plain terms of the written documents. The court said in Talcott:
The parol evidence rule serves as a shield to protect a valid, complete and unambiguous written instrument from any verbal assault that would contradict, add to, or subtract from it, or affect its construction.
Id. at 778.
Parol evidence, of the type offered in this case, should not be permitted to contradict unambiguous terms of written instruments. Central Bank and Trust Company v. Diaz, 442 So.2d 1005 (Fla. 3d DCA 1983). This rule is more forcefully applied to side agreements, negotiations or conversations which precede or are contemporaneous with the execution of the written documents. All such variances or collateral matters are deemed to be superseded and merged into the written contract and documents. Carlon, Inc. v. Southland Diversified Company, 381 So.2d 291 (Fla. 4th DCA 1980). Crittenden testified in his deposition and stated in his affidavits that *160 these understandings were arrived at some time before or contemporaneous with the execution of the contract to purchase the grove.
Crittenden argues that the parol evidence rule should not be applied in this case, relying upon a few of the myriad of case-created exceptions to application of the parol evidence rule. We find none of them applicable. Jacksonville Paper Co. v. Smith & Winchester Mfg. Co., 147 Fla. 311, 2 So.2d 890 (1941) allowed consideration of written memoranda and letters preceding execution of a sale document in order to determine whether the parties intended a "sale or return" or a "sale on approval," since the sale document was not clear on that issue. In this case, as discussed above, there are no written proofs and no ambiguities in the documents whose terms are sought to be varied. Both Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943) and Burgan v. Pines Company of Georgia, Ltd., 382 So.2d 1295 (Fla. 1st DCA 1980) involved relaxation of the parol evidence rule to allow oral testimony for the purpose of connecting several written instruments as part of a whole transaction. In this case, there are no other written documents to be connected to the plain and unambiguous ones executed by the parties. Finally, Tussing v. Smith, 125 Fla. 578, 171 So. 238 (1936), is inapposite to this case because the claimed oral agreement in Tussing was partially performed and had been accepted and acted upon by both parties. Other than a modest reduction and postponement of an interest payment, Polk Sr. and Crittenden had not departed from the terms of the written documents sought to be altered.
We further note that because this judgment was a summary judgment, the proponent seeking to vary the terms of written documents has virtually an insurmountable burden. In a trial situation, courts require that proof of an oral agreement which varies the terms of a written document must be "clear, precise and indubitable" before the parol evidence rule may be lifted. Healy v. Atwater, 269 So.2d 753, 755 (Fla. 3d DCA 1972), cert. denied, 275 So.2d 537 (Fla. 1973), quoting Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1935). In our view, Crittenden's proofs do not rise to this level, even had they been presented at trial. Further, the supreme court stated in Mallard that the trier of fact must find the witnesses who present the parol evidence to be "credible, that they distinctly remember the facts to which they testify, and that they narrate the details exactly and that their statements are true." The credibility and quality of a witness' testimony is properly beyond the scope of a summary judgment proceeding.
Accordingly, we reverse the final summary judgment rendered for Crittenden and we remand this cause for further proceedings consistent with this opinion. Appellants also moved for summary judgment in their favor, which was denied by the trial court in the same judgment which favored Crittenden. However, appellants did not cross-appeal this aspect of the judgment. On remand, appellants will be entitled to renew their motion for summary judgment, and based on the record as it presently exists, they should be entitled to prevail.
REVERSED; REMANDED.
DAUKSCH and ORFINGER, JJ., concur.