PER CURIAM.
This is an appeal by the defendant/third-party plaintiff Philip Kassier from: (1) final summary judgments entered in favor of (a) the plaintiff Alan G. Kipnis, as trustee, (b) the third-party defendant, Alan G. Kip-nis, individually, and (2) attorney’s fee awards entered for the plaintiff and third-party defendant on both the main action and the third-party complaint. The main action brought below was a suit on a promissory note; the defendant thereafter sought to implead the third-party defendant Kipnis, individually, for fraud. We affirm.
First, the trial court was correct in entering final summary judgment for the *55 plaintiff on the main claim. The undisputed facts are that the defendant executed a $100,000 promissory note in favor of the plaintiff’s principal for a $100,000 loan; that the note was later renewed by both parties; that regular interest payments were made on the original loan both before and after the note renewal; and that the defendant eventually defaulted on the note. Contrary to the defendant’s arguments, we conclude that (1) the note was fully supported by consideration (the alleged breach of an oral agreement between the defendant and a third party did not constitute a failure of consideration, as the plaintiff was not a party to such agreement), (2) the plaintiff, without dispute, made no misrepresentations to induce the defendant to execute the note, and, in our view, was not responsible for any alleged fraud by the aforesaid third party, and (3) no setoffs on the amount due and owing existed. See Farnham v. Blount, 152 Fla. 208, 214, 11 So.2d 785, 788-89 (1942); Polk v. Crittenden, 537 So.2d 156, 159-60 (Fla. 5th DCA 1989); Frank v. Intercontinental Bank of Miami Beach, 372 So.2d 543 (Fla. 3d DCA 1979); Sutton v. Crane, 101 So.2d 823 (Fla. 2d DCA 1958). Moreover, the trial court correctly awarded attorney’s fees to the plaintiff on the main action under the contractual provision in the promissory note entitling the prevailing party to such fees in any suit on the note. See Brickell Bay Club Condominium Ass’n v. Forte, 397 So.2d 959 (Fla. 3d DCA), rev. denied, 408 So.2d 1092 (Fla.1981); Sybert v. Combs, 555 So.2d 1313 (Fla. 5th DCA 1990); Erickson Enter., Inc. v. Louis Wohl & Sons, Inc., 422 So.2d 1085 (Fla. 3d DCA 1982).
Second, we conclude there was utterly no legal basis for holding the third-party defendant Kipnis personally liable for fraud on the third-party complaint. Kipnis, without dispute, made no misrepresentations to the plaintiff to induce the plaintiff to sign the note — and there was no colorable legal theory under which Kipnis had a duty to speak and correct or more fully disclose facts based on the representations of the above-mentioned third party. See Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893 (1934); Glass v. Craig, 83 Fla. 408, 417, 91 So. 332, 335 (1922); cf. Morton v. Young, 311 So.2d 755, 756-57 (Fla. 3d DCA 1975); Franklin v. Brown, 159 So.2d 893, 898 (Fla. 1st DCA 1964). This being so, attorney’s fees on the third-party complaint were also fully justified under Section 57.-105, Florida Statutes (1989). See Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982); P.J. Constructors, Inc. v. Carter Elec. Co., 410 So.2d 536 (Fla. 5th DCA 1982); Hernandez v. Leiva, 391 So.2d 292, 294-95 (Fla. 3d DCA 1980).
Affirmed.