571 So.2d 538 (1990)
JUPITER SQUARE S.C. Associates, Inc., Appellant,
v.
Tomary, Inc., a Florida Corporation, and Thomas Bashwiner, Appellees.
No. 89-1950.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
Rehearing Denied January 17, 1991.
Kenneth G. Spillias of Shapiro & Bregman, P.A., West Palm Beach, for appellant.
Ronald E. Jones of Ronald E. Jones, P.A., West Palm Beach, for appellees.
WARNER, Judge.
This appeal questions a judgment in favor of appellees-lessees for anticipatory breach of a lease agreement by appellantlessor. While there are good arguments made regarding the disposition of a motion for summary judgment and some evidentiary rulings, we choose to address the dispositive issue of whether or not the trial court erred in denying appellant's motion for directed verdict at the close of the case. We hold that the court erred and reverse.
A lengthy dissertation of facts is unnecessary. The salient facts to the point on appeal are that the parties entered into a lease agreement for space in appellant's shopping center. Taking the facts most favorable to appellees, shortly after the signing of the lease the parties entered into discussions with respect to the improvements required of the appellant under the lease, and an oral modification of the lease was made. However, this oral modification violated the integration clause of the written lease which prohibited oral modification of the lease. The law states that:
[a] written contract ... may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it.... An oral modification under these circumstances is permissible even though there was in the written contract a provision prohibiting its alteration except in writing.
Professional Insurance Corporation v. Cahill, 90 So.2d 916, 918 (Fla. 1956). See also King Partitions v. Donner Enterprises, 464 So.2d 715 (Fla. 4th DCA 1985).
The appellees claim that it took actions in reliance on the oral modification. However, the actions upon which it relies were matters which were necessary for appellees to perform under the original written lease. Therefore, even if the evidence supports the position that the oral agreement was accepted, it was not "acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it." Professional Insurance Corp. v. Cahill, 90 So.2d at 918.
*539 Therefore, the oral modification cannot be sustained given the integration clause of the written contract, and the court erred in failing to grant the directed verdict in favor of appellant.
Reverse for entry of judgment in favor of appellant.
GUNTHER, J., concurs.
DELL, J., dissents without opinion.