779 So.2d 528 (2000)
W.W. CONTRACTING, INC., Debra A. Walker and Daniel Walker, Appellants,
v.
Mike HARRISON d/b/a Harrison Machinery, Inc., Appellee.
No. 2D99-2934.
District Court of Appeal of Florida, Second District.
December 15, 2000.
Carl H. Winslow, Jr. of Carl H. Winslow, Jr., P.A., Fort Myers, for Appellants.
No appearance for Appellee.
THREADGILL, Acting Chief Judge.
The appellee, Mike Harrison d/b/a Harrison Machinery, Inc., brought an action against the appellants, W.W. Contracting, Inc., Debra Walker, and Daniel Walker, for breach of lease agreements involving three pieces of heavy equipment and for breach of personal guaranties relating to those leases. In their answer to the complaint, the appellants raised several affirmative defenses, including non-conforming goods, conversion, and an allegation that the appellee was not a party to the leases and guaranties. The appellee filed a motion for summary judgment, alleging that the defenses of non-conforming goods and *529 conversion were refuted by certain provisions in the lease, which stated that the equipment was being leased "as is." In response to the motion, the appellants filed the affidavits of James Copeland and Daniel Walker. The affidavits asserted that a man named Carl Halsworth had represented himself to the appellants as the owner of the equipment, and when the appellants rejected the equipment as non-conforming, Mr. Halsworth repeatedly promised to repair the equipment and eventually agreed to return the money the appellants had already paid under the lease agreement. Mr. Walker's affidavit alleged that when it became apparent the equipment would not be repaired, the appellants stopped making payments, and Mr. Halsworth repossessed the equipment.
The pleadings and affidavits in this case raise a factual issue as to who was the owner and lessor of the equipment at issue. A factual issue also exists as to whether certain provisions of the contracts were modified by Mr. Halsworth's representations that he would repair the equipment or refund the appellants' money. A written contract may be modified by an oral agreement if the latter has been accepted and acted upon by the parties in a manner that would work a fraud on either party to refuse to enforce it. See Professional Ins. Corp. v. Cahill, 90 So.2d 916 (Fla.1956); Jupiter Square S.C. Assocs., Inc. v. Tomary, Inc., 571 So.2d 538 (Fla. 4th DCA 1990). Such a modification is permissible even where the written contract contains a provision prohibiting its alteration except in writing. See Professional Ins., 90 So.2d at 918.
Further, the amount of damages awarded to the appellee represents the difference between the total monthly payments under the lease agreements and the payments made by the appellants. The appellants, however, alleged that Mr. Halsworth repossessed the equipment shortly after they stopped making payments. Thus, there exists a factual issue as to the appellee's right to recover rents accruing after the repossession. See Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884 (Fla. 5th DCA 1979). Because the appellants' affirmative defenses have not been conclusively refuted and genuine issues of material fact remain, summary judgment was inappropriate in this case. See Tausinger v. Woodlawn Park Assocs., 681 So.2d 745 (Fla. 2d DCA 1996). We therefore reverse and remand for further proceedings.
Reversed.
FULMER and DAVIS, JJ., Concur.