KELLY, Judge.
Percy Jackson was arrested in Manatee County on Sarasota County arrest warrants and on local Manatee County charges. He was convicted of the Manatee County charges and sentenced to 364 days in the Manatee County jail, with a period of probation to follow, and he received credit for all the time he spent in jail prior to sentencing. After his release from the Manatee County jail, Jackson was jailed in Sarasota County on the earlier Sarasota charges. When the Sarasota court sentenced Jackson, it gave him credit for all the time he spent in jail in Sarasota awaiting sentencing on those charges. In a motion for jail credit pursuant to Florida Rule of Criminal Procedure 8.800(a), Jackson sought additional credit against the Sarasota sentences for the time he spent in jail in Manatee County prior to sentencing on the Manatee County charges.
As the trial court correctly determined, Jackson is not entitled to further jail credit on the sentences imposed in Sarasota County. The Sarasota County sentences were not concurrent with the earlier Manatee County sentences and Jackson had already received full credit for that time against the Manatee County sentences. As explained in Miller v. State, 297 So.2d 86, 38 (Fla. 1st DCA 1974), Jackson is not entitled to duplicate credit:
[A] defendant should, of course, be given full credit on his sentence or sentences by the court for time spent in jail awaiting disposition of a charge or charges against him; but where a defendant is held to answer for numerous charges, he is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition of multiple charges o[r] cases....
When a defendant is held in jail to answer for multiple charges or cases, the first sentencing judge who sentences him to jail or to the state prison shall give him credit on the sentence or sentences in that case for all time spent in jail between the date of his arrest in that case and the date of such sentence even though the defendant may have also been held to answer for other charges during some or all of such time. If the defendant’s jail time exceeds the sentence or sentences pronounced by the first sentencing judge, the next sentencing judge shall give the defendant credit for such excess on the sentence *854 pronounced by him. Since a defendant will not be given credit by the first sentencing judge for any jail time incurred prior to his incarceration on the offense or offenses for which the first sentencing judge sentences him, credit for such prior jail time shall be given him by the judge who sentences him for the offense for which he was held during such prior time. Each judge imposing sentence shall state in the sentence the period of time covered by any jail time allowance so that a judge imposing a subsequent sentence will not duplicate jail time credit.
In Daniels v. State, 491 So.2d 543, 545 (Fla.1986), the supreme court highlighted the distinction between a case like Jackson’s and a case in which a defendant receives concurrent sentences on multiple charges:
[W]e find that when, pursuant to section 921.161(1), a defendant receives pre-sen-tence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served.... We distinguish this situation from one in which the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant “is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.” Martin v. State, 452 So.2d 938, 938-39 (Fla. 2d DCA 1984) (quoting Miller v. State, 297 So.2d 36, 38 (Fla. 1st DCA 1974)).
Affirmed.
WALLACE and CRENSHAW, JJ., Concur.