IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DONALD DUCHATEAU,

      Appellant,

v.
                              Case No.  5D22-2609
                              LT Case No. 2018-DR-035749

JEANNINE DUCHATEAU N/K/A JEANNINE
DUCHATEAU VERBOS,

      Appellee.

_____/

Opinion filed June 2, 2023

Nonfinal Appeal from the Circuit Court
for Brevard County,
Kathryn M. Speicher, Judge.

Elizabeth S. Harris, of Harris
Appellate Law Office, Mims, and
Richard J. Feinberg, of the Law Office
of Richard J. Feinberg, Indialantic, for
Appellant.

Edward E. Emrick, IV, of Dewitt
Law Firm, P.A., Orlando, for
Appellee.


LAMBERT, C.J.

Donald Duchateau ("Former Husband") appeals the trial court's nonfinal order denying his motion to ratify and enforce a settlement agreement dated May 28, 2021. For the following reasons, we dismiss the appeal for lack of jurisdiction.

BACKGROUND

The parties to this appeal are former spouses whose marriage was dissolved in 2018. The final judgment dissolving their marriage incorporated the parties' Marital Settlement Agreement. Pertinent here, this agreement provided that "[n]o modification or waiver by the parties of any of the terms herein shall be valid unless executed in writing by both parties."

In 2021, Former Husband filed a motion under Florida Family Law Rule of Procedure 12.540 to set aside the final judgment and Marital Settlement Agreement. During this postjudgment litigation, the parties and their counsel appeared at a court reporter's office on May 28, 2021, for depositions. While there, the parties purportedly reached a settlement of their pending litigation. This 2021 settlement agreement, which would have the effect of modifying the parties' 2018 Marital Settlement Agreement, was orally announced, confirmed by the parties, and later transcribed by the court reporter. However, no written agreement modifying the 2018 Marital Settlement

2

Agreement, as expressly required by this agreement, was ever executed by Former Wife.

Several months later, Former Husband moved to ratify and enforce the May 28, 2021 settlement agreement.  After an evidentiary hearing, the trial court denied Former Husband's motion; and this appeal ensued.

## JURISDICTION

Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ix) permits the appeal of nonfinal orders that determine "that, as a matter of law, a settlement agreement is unenforceable, is set aside, or never existed." Therefore, our jurisdiction to address the merits of this appeal depends on whether the trial court's order determined, as a matter of law, that the May 28, 2021 agreement was unenforceable, set aside, or never existed.

In *Florida Highway Patrol v. Jackson*, 288 So. 3d 1179, 1182–83 (Fla. 2020), the Florida Supreme Court addressed how to interpret the phrase "as a matter of law" in the context of a rule 9.130 appeal.  The court held that for such an order to be reviewable, there must be an express "as a matter of law" determination on the face of the order.  *Id.* at 1182.  Further, the reviewing court may not attribute a determination of "as a matter of law" to the order based on its own review of the underlying record.  *Id.*

3

Here, the simple answer as to whether we have jurisdiction to review this order is that, under *Jackson*, the trial court's order did not expressly determine, as a matter of law, that the May 28, 2021 settlement agreement was not enforceable, never existed, or was set aside. *See Powell v. Woodward*, 300 So. 3d 784, 785 (Fla. 1st DCA 2020). Moreover, on the face of the order, the trial court, following the presentation of evidence, made a factual finding that Former Husband did not prove the exception to the rule that otherwise precludes the oral modification of a written agreement when the written agreement expressly prohibits oral modification. *See Pro. Ins. v. Cahill*, 90 So. 2d 916, 918 (Fla. 1956) (explaining the exception that even when a written contract contains a provision prohibiting its alteration except in writing, it may nevertheless be subsequently altered or modified by an oral agreement "if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it").

APPEAL DISMISSED.

WALLIS and KILBANE, JJ., concur.